## CARTER v. GREENHOW.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF VIRGINIA.

The 16th clause of § 629 Rev. Stat., authorizing suits, without reference to the sum or value in controversy or the citizenship of the parties, to be brought in the Circuit Courts of the United States to redress the deprivation, under color of State law, of any right, privilege, or immunity secured by the Constitution of the United States, in violation of § 1979 Rev. Stat., does not embrace an action of trespass on the case in which the plaintiff seeks a recovery of damages against a tax collector in Virginia, who, having rejected a tender of tax-receivable coupons, issued under the act of March 30, 1871, seeks to collect the tax for which they were tendered by a seizure and sale of personal property of the plaintiff.

Although the right to have such coupons received in payment of taxes is founded on a contract with the State, and that right is protected by the Constitution of the United States, Art. 1, Sec. 10, forbidding the State to pass any laws impairing the obligation of the contract, the only mode of redress in case of any disturbance or dispossession of property, or for other legal rights based on such violation of the contract, is to have a judicial determination, in a suit between individuals, of the invalidity of the law, under color of which the wrong has been committed. No direct action for the denial of the right secured by the contract will lie.

*Mr. William L. Royall, Mr. Daniel H. Chamberlain [Mr. William B. Hornblower* was with him on the brief], *Mr.*

*Wager Swayne*, and *Mr. William M. Evarts* for plaintiff in error.

*Mr. F. S. Blair*, Attorney-General of the State of Virginia, *Mr. Richard T. Merrick* and *Mr. Attorney-General*, for the defendant in error.

Mr. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff in error brought his action, in the Circuit Court of the United States, against the defendant, on May 7, 1883. His cause of action is set forth in the declaration as follows:

" Samuel S. Carter, plaintiff, complains of Samuel C. Greenhow, defendant, of a plea of trespass on the case, for that the said plaintiff is a citizen of the State of Virginia and a resident of the City of Richmond, in said State. That the plaintiff owns property in said city, and that he was lawfully assessed on said property by the officers of the State of Virginia, whose duty it was under the laws of Virginia to make such assessment, with taxes to be paid to the State of Virginia for the year 1882, and that said taxes were due and leviable for, on and after the first day of December, 1882.

" That the defendant, Samuel C. Greenhow, is the treasurer of the City of Richmond, in the State of Virginia, and that the laws of Virginia make it his duty to collect all taxes due to the State of Virginia by residents of said city on property situated and being in said city. That on the 3d day of May, 1883, the plaintiff was indebted to the said State of Virginia on account of the taxes so assessed upon his property as aforesaid for the year 1882, and that on said last-named date he tendered to the defendant, in payment of his said taxes, coupons cut from bonds issued by the State of Virginia, under the provisions of the act of the General Assembly of the State of Virginia, approved March 28, 1879, entitled ' An Act to provide a plan of settlement of the public debt,' which coupons, together with a small amount of lawful money of the United States, tendered at the same time, amounted exactly to the sum so due by the plaintiff for taxes as aforesaid, and which coupons were due and past maturity, in payment of his said

taxes so due as aforesaid. That by the terms of the act of the General Assembly under which said coupons were issued, the said coupons are receivable in payment of all taxes due to the State of Virginia, and that each of said coupons bore upon its face the contract of the State of Virginia that it should be received in payment of taxes due to said State. That the defendant refused to receive the said coupons and money in payment of the taxes so due by the plaintiff. That after said tender the said defendant unlawfully entered into and upon the plaintiff's premises and place of business and levied upon and seized the plaintiff's property and carried the same away to sell the same in payment of plaintiff's taxes. That plaintiff was always ready and willing to deliver to the defendant in payment of said taxes, up to the moment when the defendant so levied upon his said property, the said coupons and money, and he many times offered to do so, but the defendant always refused to receive the same. That the plaintiff has the right under the Constitution of the United States to pay his said taxes to the said defendant in the said coupons and money, and that this right is secured to him by the Constitution of the United States. That when the defendant refused to receive the said coupons and money in payment of the taxes so due as aforesaid by the plaintiff, he did so under color of and by the command of an act of the General Assembly of the State of Virginia, approved January 26, 1882, entitled 'An Act to provide for the more efficient collection of the revenue, to support government, maintain the public schools, and to pay interest on the public debt,' which act forbids collectors of taxes due to said State to receive in payment thereof anything except gold, silver, United States treasury notes, and national bank currency; and that when he so levied upon the plaintiff's property he did so by virtue of and under the command of the 18th section of an act of the General Assembly of the State of Virginia, approved April 1, 1879, which act is chapter sixty of the laws published by authority of the General Assembly of the State of Virginia for the special session of 1879; and by virtue of and under the command of other statutes enacted by the General Assembly of the State of Virginia. That the said

two last-mentioned acts of the General Assembly of the State of Virginia, and the other mentioned statutes of said State, commanding the defendant to levy so as aforesaid upon the property of the plaintiff, are repugnant to the Constitution of the United States, and are therefore void; that in refusing to receive the said coupons and money in payment of said taxes, and in levying on and seizing the plaintiff's property for said taxes, after the plaintiff had tendered the same in payment thereof, the defendant deprived the plaintiff of a right secured to him by the Constitution of the United States, under color of statutes enacted by the General Assembly of the State of Virginia, to the damage of the plaintiff two hundred dollars ($200), and therefore he brings this suit."

To this declaration a general demurrer was filed and sustained, and judgment rendered accordingly for the defendant. To reverse that judgment the present writ of error is prosecuted.

The sixteenth clause of § 629 Rev. Stat., defining the original jurisdiction of the Circuit Courts of the United States, gives to them cognizance, without reference to the sum or value in controversy, or the citizenship of the parties, "of all suits authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom or usage of any State, of any right, privilege or immunity secured by the Constitution of the United States, or of any right secured by any law providing for equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States."

Similar jurisdiction is conferred upon District Courts by the twelfth clause of § 563 Rev. Stat.

§ 1979 Rev. Stat., provides that "every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof, to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

These three provisions constituted the first section of the act

of April 20, 1871, entitled "An Act to enforce the provisions of the Fourteenth Amendment to the Constitution of the United States, and for other purposes." 17 Stat. 13. In that section, the language conferring jurisdiction in the courts, was as follows:

"Such proceeding to be prosecuted in the several District or Circuit Courts of the United States, with and subject to the same rights of appeal, review upon error, and other remedies provided in like cases in such courts, under the provisions of the act of the ninth of April, eighteen hundred and sixty-six, entitled 'An Act to protect all persons in the United States in their civil rights, and to furnish the means of their vindication.' and the other remedial laws of the United States which are in their nature applicable in such cases."

§ 2 of the act here referred to, of April 9, 1866, 14 Stat. 27, provided "that any person who, under color of any law, statute, ordinance, regulation or custom, shall subject, or cause to be subjected, any inhabitant of any State or Territory to the deprivation of any right secured or protected by this act, or to different punishment, pains or penalties on account of such person having, at any time, been held in a condition of slavery or involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, or by reason of his color or race, than is prescribed for the punishment of white persons, shall be deemed guilty of a misdemeanor, and, on conviction, shall be punished by fine not exceeding one thousand dollars, or imprisonment not exceeding one year, or both, in the discretion of the court."

The question presented in this record, is, whether the facts stated in the plaintiff's declaration constitute a cause of action within the terms of § 1979 Rev. Stat., that is, whether he shows himself, within its meaning, to have been subjected by the defendant, under color of a statute of a State, to the deprivation of a right, privilege or immunity secured by the Constitution.

The acts charged against the defendant are, that he refused to receive from the plaintiff the coupons tendered in payment of taxes, and thereafter proceeded to levy upon and take his property for the purpose of collecting such taxes in money.

The rights alleged to be violated are the right to pay taxes in coupons instead of in money, and, after a tender of coupons, the immunity from further proceeding to collect such taxes as though they were delinquent. These rights the plaintiff derives from the contract with the State, contained in the act of March 28, 1879, and the bonds and coupons issued under its authority.

How and in what sense are these rights secured to him by the Constitution of the United States? The answer is, by that provision, Art. I., Sec. 10, which forbids any State to pass laws impairing the obligation of contracts. That constitutional provision, so far as it can be said to confer upon, or secure to, any person, any individual rights, does so only indirectly and incidentally. It forbids the passage by the States of laws such as are described. If any such are nevertheless passed by the legislature of a State, they are unconstitutional, null and void. In any judicial proceeding necessary to vindicate his rights under a contract, affected by such legislation, the individual has a right to have a judicial determination, declaring the nullity of the attempt to impair its obligation. This is the only right secured to him by that clause of the Constitution. But of this right the plaintiff does not show that he has been deprived. He has simply chosen not to resort to it. The right to pay his taxes in coupons, and the immunity from further proceedings, in case of a rejected tender, are not rights directly secured to him by the Constitution, and only so indirectly as they happen in this case to be the rights of contract which he holds under the laws of Virginia. And the only mode in which that constitutional security takes effect is by judicial process to invalidate the unconstitutional legislation of the State, when it is set up against the enforcement of his rights under his contract. The mode in which Congress has legislated in aid of the rights secured by that clause of the Constitution, is, as is pointed out with clearness and fulness in the opinion of the court in the *Civil Rights Cases*, 109 U. S. 3–12, by providing for a review on writ of error to the judgments of the State courts, in cases where they have failed properly to give it effect, and by conferring jurisdiction upon the Circuit Courts by the act of March 3, 1875, ch. 137, 18 Stat. 470, of all cases arising under the

Constitution and laws of the United States, where the sum or value in dispute exceeds $500. Congress has provided no other remedy for the enforcement of this right.

It might be difficult to enumerate the several descriptions of rights secured to individuals by the Constitution, the deprivation of which, by any person, would subject the latter to an action for redress under § 1979 Rev. Stat.; and, fortunately, it is not necessary to do so in this case. It is sufficient to say that the declaration now before us does not show a cause of action within its terms.

*The judgment of the Circuit Court is accordingly affirmed*

MR. JUSTICE BRADLEY, with whom were the CHIEF JUSTICE, MR. JUSTICE MILLER and MR. JUSTICE GRAY, concurred in the judgment, but rested their concurrence upon the grounds stated in their opinion *post*, page 330, after the opinion of the court in MARYE v. PARSONS.