## MARCUS BROWN HOLDING CO. v. POLLAK et al.

(District Court, S. D. New York. November 13, 1920.)

1. **Courts ⬅️326—Suit to enjoin enforcement of laws giving tenants right to resist ouster by landlord held not within federal court jurisdiction where requisite amount was not present.**

    A suit by a landlord against his tenant and law enforcement officers of the state to restrain the tenant from continued occupancy of the leased premises after expiration of his lease and to enjoin enforcement of laws N. Y. 1920, cc. 942–945, 947, 951, which are emergency acts effective until November 1, 1922, designed to prevent extortionate rents by depriving landlords of the right to evict tenants by summary proceedings or ejectment and making it a defense to an action for rent to show that the rent demanded is unjust and unreasonable, *held* not within the jurisdiction of a federal court, where the facts alleged in the bill show that the pecuniary loss which would be sustained by complainant through the coercion of the state statutes is less than $3,000.

2. **Courts ⬅️326—Suit held not one to deprive defendant of rights by color of state law within jurisdiction of federal court regardless of amount in controversy.**

    In such case, the court is not given jurisdiction of the suit by Judicial Code, § 24, subd. 14 (Comp. St. § 991 [14]), as one to prevent the deprivation under color of a state law of a right, privilege, or immunity secured to complainant by the Constitution of the United States by subdivision 1 of the same section (Comp. St. § 991 [1]), in which there is a jurisdictional limit dependent on the amount in controversy.

In Equity. Suit by the Marcus Brown Holding Company against Arnold Pollak and Edward Swann, District Attorney of the County of New York. Dismissed for want of jurisdiction.

This is a suit in equity brought by a landlord against his tenant and the district attorney of New York to test the constitutionality of chapters 942, 943, 944, 945, 947, and 951 of the Laws of New York of 1920, constituting "Emergency Legislation" to remedy the housing situation arising during that year.

The bill of complaint alleges that on July 10, 1918, the plaintiff's predecessor in title leased the locus in quo, an apartment, to the defendant Pollak for a term ending September 30, 1920, at a yearly rental of $1,600; the lease containing the usual covenant to surrender possession on its expiration; that when the lease expired Pollak, though he had received notice before February 25, 1920, so to do, refused to surrender, alleging as an excuse the "Emergency Legislation" above mentioned. The relevant provisions of these laws are as follows: Chapter 942 deprived landlords until November 1, 1922, of summary proceedings to evict their tenants. Chapter 945 took away the action of ejectment for the same period. Chapter 944 made it a defense until November 1, 1922, to an action for rent to show that the rent was "unjust, unreasonable and oppressive." In such cases the court was to fix a reasonable rent which the lessee must pay or be evicted. Chapter 951 made it a misdemeanor (punishable by fine of $500 or imprisonment) for any person to disturb the quiet possession of a tenant or to deprive him of hot or cold water,

elevator service, or the like. The other provisions are incidental, and none of the laws affected the relation of the lessor and lessee except in cases where the lessor sought to secure an increase of rent.

The bill further alleged that on February 25, 1920, before which time Pollak had got notice of the plaintiff's purpose, it executed a lease to one Griffen of the locus in quo from October 1, 1920, to October 1, 1923, at a yearly rental of $2,300; that Pollak had complained to the defendant Swann that the plaintiff had interfered with his quiet possession and that Swann had threatened to prosecute the plaintiff for so doing.

The amount in controversy was laid as follows: "And your orator further shows that the loss sustained by this complainant, and which it will sustain by reason of the premises and the statutes as aforesaid, and the acts and conduct of the defendant Arnold Pollak, as herein alleged, is in excess of $3,000, exclusive of interest and costs; that the subject-matter in controversy is of the value of more than $3,000, exclusive of interest and costs; that by reason of the facts and circumstances herein stated, and unless your complainant is afforded relief by injunction as herein prayed for, it will suffer damages and its property will depreciate in value by an amount in excess of the sum of $3,000, exclusive of interest and costs."

The prayer was for an injunction restraining Pollak from further occupying the apartment and Swann from prosecuting under chapter 951.

The plaintiff moved for an injunction pendente lite, and the defendants to dismiss the bill. Both motions were heard together, before the District Court constituted under section 266 of the Judicial Code (Comp. St. § 1243).

J. A. Seidman, of New York City, for complainant.

David L. Podell, of New York City, for defendant Pollak.

John Caldwell Myers, of New York City, for defendant Swann.

Samuel A. Berger, of New York City, for Attorney General of State of New York.

George L. Ingraham and Francis M. Scott, both of New York City, for Real Estate Investors of New York.

William D. Guthrie, Julius Henry Cohen, Elmer G. Sammis, and Bernard Hershkopf, all of New York City, for Joint Legislative Committee on Housing.

Before MACK and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge (after stating the facts as above). [1] The motions to dismiss necessarily would raise the constitutionality of the "Emergency Legislation," even though we were to hold that there was no jurisdiction in equity. The bill could be reframed under section 274a of the Judicial Code (Comp. St. § 1251a), and at least as to Pollak proceed as an action of ejectment. We should, therefore, feel obliged to pass upon the merits of the contention, were it not for a defect—absolute so far as we can see—in our substantive jurisdiction; which is that the amount in controversy does not equal $3,000 above interest and costs. The formal allegation to that effect does not, of course, bind us when the bill or declaration contradicts it. Vance v. W. A. Vandercock Co., 170 U. S. 468, 18 Sup. Ct. 645, 42 L. Ed. 1111; North American T. & T. Co. v. Morrison, 178 U. S. 262, 20 Sup. Ct. 869, 44 L. Ed. 1061.

There is possibly at stake in this controversy nothing more than the plaintiff's loss by Pollak's continued occupation for 25 months, because after that time the "moratorium," so to speak, expires and all

landlords may re-enter. The plaintiff itself asserts that the value of the term for that time will be $2,300 yearly. If the "reasonable" rent which Pollak must pay is not less than $1,600, the plaintiff's loss will be $1,458.33. It is not, and probably could not be, alleged that the reasonable rent was less, and in any case Pollak is content to go on at the old rent. If it be urged that the plaintiff will also lose rent under the Griffen lease for 11 months after November 1, 1922, the answer is that no one can now say that the possession, which the plaintiff will then have, will not be worth as much as $2,300 at that time.

To this the plaintiff answers that it is the value of the right which it seeks to protect which controls, under such cases as Berryman v. Whitman College, 222 U. S. 334, 32 Sup. Ct. 147, 56 L. Ed. 225, or Glenwood, etc., Co. v. Mutual, etc., Co., 239 U. S. 121, 36 Sup. Ct. 30, 60 L. Ed. 174. That rule has a general application and applies here too, but the right to be protected is not the fee of the apartment, but possession during the operation of the statutes.

As to the proposed trespass of Swann there are two answers: First, it does not appear that Swann has threatened six prosecutions, or indeed anything more than a single one. Second, in any event the proposed prosecution is confessedly only to prevent the plaintiff from disturbing Pollak and in protection of Pollak's wrongful holding over. The plaintiff's right to be protected remains as before nothing but the possession which he must leave in Pollak's hands for 25 months. Therefore, in any aspect the amount in controversy is not $3,000, and this court is without jurisdiction if that allegation is necessary.

[2] In this aspect the case turns entirely upon whether the jurisdiction of the court must be based upon subdivision 1 of section 24 of the Judicial Code (Comp. St. § 991 [1]), or whether it may rest upon subdivision 14 of the same section (Comp. St. § 991 [14]). Under subdivision 1 jurisdiction is given to this court "of all suits of a civil nature, at common law or in equity * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and (a) arises under the Constitution or laws of the United States." Subdivision 14 of the section, so far as relevant, gives us jurisdiction "of all suits at law or in equity authorized by law to be brought by any person to redress the deprivation, under color of any law * * * of any State, of any right, privilege, or immunity, secured by the Constitution of the United States, or of any right secured by any law of the United States providing for equal rights of citizens of the United States." The original form of this subdivision is to be found in the Civil Rights Bill of 1866 (14 St. at L. p. 27, § 3, c. 31) which was passed before the Fourteenth Amendment was adopted. The grant of jurisdiction given to this court reappeared as subdivision 12 of section 563 of the Revised Statutes (Comp. St. § 991 [14]), and that given to the Circuit Court in subdivision 16 of section 629 (Comp. St. § 991 [14]) and the substantive provisions in sections 1977 and 1979 of the Revised Statutes (Comp. St. §§ 3925, 3932). By chapter 114 of the Laws of 1875 (18 St. at L. 335 [Comp. St. §§ 3926–3930]), the civil rights secured by sections 1977 and 1979 were extended, though the first two sections of that act

were held unconstitutional by the Supreme Court in the Civil Rights Cases, 109 U. S. 3, 3 Sup. Ct. 18, 27 L. Ed. 835.

In the Virginia Coupon Cases, 114 U. S. 317, 5 Sup. Ct. 928, 962, 29 L. Ed. 202, subdivision 16 of section 629 of the Revised Statutes was held not to apply under the following circumstances: The plaintiff sued on the case for a wrongful tax levy and alleged that he had paid his taxes in coupons of Virginia bonds and that the public officers had refused to accept such coupons, in violation of article 1, § 10, of the Constitution, i. e., the impairment clause. The court held that his right so to pay in coupons was not a right directly secured by the Constitution and that the only mode of raising that question was by writ of error from the Supreme Court to judgments of the state courts, in which his constitutional rights were disregarded, or under the precursor of subdivision 1 of article 24 of the present Judicial Code, upon which there was a jurisdictional limit dependent upon the amount in controversy.

In Holt v. Indiana Mfg. Co., 176 U. S. 68, 20 Sup. Ct. 272, 44 L. Ed. 374, the same rule was extended to a case where the plaintiff complained of the unconstitutional assessment of taxes. In that case the court held that where state legislation deprived a party of his property without due process of law, the only jurisdiction of this court was under subdivision 1 of section 24 of the Judicial Code. See, also, Simpson v. Geary (D. C.) 204 Fed. 507; Salander v. Tacoma (D. C.) 208 Fed. 427.

In Truax v. Raich, 239 U. S. 33, 36 Sup. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283, the plaintiff successfully relied on subdivision 14 of section 24 under the following circumstances: He was an alien resident in the state of Arizona and complained that his employer threatened to discharge him under the coercion of an act of the state which forbade the employment of more than 20 per cent. of aliens in any establishment or plant. Neither the court below ([D. C.] 219 Fed. 273) nor the Supreme Court discussed at length this feature of the case, but it is to be inferred from the language of page 39 of the opinion of the Supreme Court that the jurisdiction depended upon the fact that the alien had been admitted to the United States under a federal law and got his privilege of abiding in the United States and in any state of the Union in that way only, and that as such his suit involved the deprivation of a right secured by a law of the United States. At least, so we read that language. We do not understand that the court meant to overrule the Virginia Coupon Cases or Holt v. Indiana Mfg. Co.

Hammer v. Dagenhart, 247 U. S. 251, 38 Sup. Ct. 529, 62 L. Ed. 1101, 3 A. L. R. 649, Ann. Cas. 1918E, 724, depended upon the right of a father on his own behalf and his two minor children to challenge the constitutionality of the child labor law. The right was presumably his interest in their services, and this might well have been of the jurisdictional value. The point is not discussed and the case is not an authority to the contrary of our present ruling. Similarly Wilson v. New, 243 U. S. 332, 37 Sup. Ct. 298, 61 L. Ed. 755, L. R. A. 1917E, 938, Ann. Cas. 1918A, 1024.

In C. A. Weed & Co. v. Lockwood (C. C. A.) 266 Fed. 785, it does not appear what was the value of the plaintiff's property which was involved, but as it constituted his business, there can be little doubt that it amounted to $3,000. Judge Manton based jurisdiction upon the "great monetary loss" involved, and Judge Hough upon the theory that the business was the stake. Judge Ward thought the bill should be dismissed in any event. The point here involved was not raised, and in no sense can the case be taken as in point here. Jacob Hoffman Brewing Co. v. McElligott, 259 Fed. 525, 170 C. C. A. 487, does not deal with the question at all; so far as the decision is pertinent, it would perhaps justify a dismissal here against the defendant Swann for other reasons.

So far as concerns the defendant Pollak, we cannot see how there can be any question. The plaintiffs' rights do not depend upon any law of the United States, and if subdivision 14 covers, it is by virtue of the fact that they are "rights, privileges and immunities" "secured" by the Constitution. Article 4, § 2, had always secured to each citizen of each state the privileges and immunities of the citizens of the several states, and the second clause of the Fourteenth Amendment gave federal protection to the privileges and immunities of citizens of the United States. Just what those were the Supreme Court has been chary of saying. The right to pass freely over the whole country is apparently one. Crandall v. Nevada, 6 Wall. 36, 18 L. Ed. 745. Others are enumerated in the Slaughter House Cases, 16 Wall. 36, 79, 21 L. Ed. 394. Those cases, like the Civil Rights Cases, supra, hold that the general right of property does not have its origin in the Constitution and that the Fourteenth Amendment is not constitutive of them. It is in this sense that we understand subdivision 14 to use the word "secure." Were it not so, all matters arising "under the Constitution," as prescribed in subdivision 1, would be justiciable under subdivision 14, and the amount in controversy would never be a condition upon our jurisdiction, when a constitutional point was raised. This is certainly not the law.

As regards the defendant Swann, the same result follows. Viewed merely as prospective prosecutions we should have no jurisdiction. It is only as such prosecutions prevent the plaintiff from asserting his property right that they are relevant here. They constitute the effective sanction of the supposedly void statute, the force which coerces the plaintiff to obedience. But the sanction must be measured by the command, obedience to which will avoid it, and the command is only only to allow Pollak to stay in possession. Hence the subject of the controversy remains as to Swann what it is as to Pollak, the value of that possession.

In no aspect does it seem to us, therefore, that the cause is within our jurisdiction, and the motion to dismiss must be granted. As there can be no amendment which will cure the defect, the dismissal will be without any right to plead over.