### LOVE v. CHANDLER et al.
#### No. 12105.

Circuit Court of Appeals, Eighth Circuit.

Jan. 13, 1942.

Harold R. Love, pro se.

Carsten L. Jacobson, Asst. City Atty., of Minneapolis, Minn., for appellee Ole A. Pearson.

Per M. Larson, Asst. Co. Atty., of Minneapolis, Minn., for appellee Donald C. Bennyhoff and another.

George P. Hoke, of Minneapolis, Minn. (Hoke, Cobb & Janes, of Minneapolis, Minn., on the brief), for appellee J. C. Michael.

Victor E. Anderson, U. S. Atty., of St. Paul, Minn. (Russell C. Rosenquest, Asst. U. S. Atty., of St. Paul, Minn., on the brief), for appellee S. L. Stolte and others.

Iver W. Stark, of Minneapolis, Minn., for appellee Mabel F. Gadbois.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment dismissing the appellant's complaint in an action for damages, upon the ground that the complaint fails to state a claim upon which relief can be granted. In substance, the claim stated in the complaint is that the appellees, most of whom are officers or agents of either the United States or the State of Minnesota, have engaged in a conspiracy to prevent, and have prevented, the appellant from having and holding employment under the Works Progress Administration, for which employment the appellant, as a citizen of the United States and as a poor person, was eligible and qualified; and that the appellees, in furtherance of their conspiracy, have subjected the appellant to threats, assaults, insanity proceedings and temporary wrongful deprivation of liberty.

The appellant contends that his complaint states a claim under § 47(2) and (3) of Title 8 U.S.C.A., authorizing actions for damages for conspiracies to deprive citizens of the equal protection of the laws or from exercising any right or privilege as a citizen of the United States, and that it also states a claim under § 48 of Title 8 U.S.C.A., which authorizes the recovery of damages from any person who, having knowledge of such a conspiracy and the power to prevent it, neglects or refuses so to do. The appellant further contends that the trial court had jurisdiction of the subject matter of this action by virtue of § 41(12), (13) and (14) of Title 28 U.S.C.A., which confer upon the District Courts of the United States jurisdiction of actions to recover damages for deprivation of rights in furtherance of such conspiracies as are described in § 47 of Title 8 U.S.C.A.

The trial court was of the opinion that, since this Court had held in Love v. United States, 108 F.2d 43, 49, that the right of the appellant to be employed by the Works Progress Administration was not an absolute right conferred by the Constitution or laws of the United States and that the District Court was without jurisdiction to review the administrative action of which the appellant had complained in that case, the complaint in the instant action, under the rule announced in Mitchell v. Greenough, 9 Cir., 100 F.2d 184, certiorari denied 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056, did not state a claim for damages resulting from a conspiracy to deprive the appellant of any right or privilege dependent upon a law of the United States.

The statutes which the appellant seeks to invoke were passed shortly after the Civil War to aid in the enforcement of the Thirteenth Amendment abolishing slavery, the Fourteenth Amendment prohibiting State action the effect of which would be to abridge the privileges or immunities of citizens of the United States or to deprive any person of life, liberty or property without due process or to deny any person the equal protection of the law, and the Fifteenth Amendment prohibiting the denial of the right to vote on account of race or color. See Buchanan v. Warley, 245 U.S. 60, 78, 38 S.Ct. 16, 62 L.Ed. 149, L.R.A. 1918C, 210, Ann.Cas.1918A, 1201. The statutes were intended to provide for redress against State action and primarily that which discriminated against individuals within the jurisdiction of the United States. Hague v. Committee for Industrial Organization, 307 U.S. 496, 509–514, 59 S. Ct. 954, 83 L.Ed. 1423; Hodges v. United States, 203 U.S. 1, 14–20, 27 S.Ct. 6, 51 L. Ed. 65; Logan v. United States, 144 U.S. 263, 290, 291, 12 S.Ct. 617, 36 L.Ed. 429. The statutes, while they granted protection to persons from conspiracies to deprive them of the rights secured by the Constitution and laws of the United States (United States v. Mosley, 238 U.S. 383, 387, 388, 35 S.Ct. 904, 59 L.Ed. 1355), did not have the effect of taking into federal control the protection of private rights against invasion by individuals. Hodges v. United States, 203 U.S. 1, 14–20, 27 S.Ct. 6, 51 L.Ed. 65; Logan v. United States, 144 U.S. 263, 282–293, 12 S.Ct. 617, 36 L.Ed. 429.

The protection of such rights and redress for such wrongs was left with the States. See United States v. Reese, 92 U.S. 214, 23 L.Ed. 563; United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588; Strauder v. West Virginia, 100 U.S. 303, 25 L.Ed. 664; Ex parte State of Virginia, 100 U.S. 339, 25 L.Ed. 676; Neal v. Delaware, 103 U.S. 370, 26 L.Ed. 567; United States v. Harris, 106 U.S. 629, 1 S.Ct. 601, 27 L.Ed. 290; In re Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835; Carter v. Greenhow, 114 U.S. 317, 330, 5 S.Ct. 928, 962, 29 L.Ed. 202, 207. See, also, The Supreme Court in United States History, by Charles Warren, Vol. III, Chapter 34.

The appellant does not seek redress because the State of Minnesota is discriminating against him, or because its laws fail to afford him equal protection. We have already held that he had no absolute right under the laws of the United States to have or retain employment by the Works Progress Administration. The appellant seeks damages because certain persons, as individuals, have allegedly conspired to injure him and have injured him by individual and concerted action. The wrongs allegedly suffered by the appellant are assault and battery, false imprisonment, and interference with his efforts to obtain and retain employment with the Works Progress Administration. The protection of the rights allegedly infringed and redress for the alleged wrongs are, we think within the exclusive province of the State. Compare Hodges v. United States, 203 U.S. 1, 27 S.Ct. 6, 51 L.Ed. 65; Carter v. Greenhow, 114 U.S. 317, 330, 5 S.Ct. 928, 962, 29 L.Ed. 202, 207. We agree with the trial court that the appellant has failed to state a claim upon which relief could be granted under the statutes which he has invoked. His complaint was properly dismissed.

The appellant raises the question of the right of the United States District Attorney, the Assistant County Attorney of Hennepin County, and the Assistant City Attorney of the City of Minneapolis, to represent in the trial court the parties for whom such attorneys respectively appeared. They were all members of the bar of the trial court and it was not shown that they lacked authority to represent those for whom they appeared. Whether their appearances in their official capacities were proper or improper, we think it is unnecessary to decide, since it is obvious that a determination of that question would not, in any event, affect the validity of the judgment.

The judgment appealed from is affirmed.