**ALLEN v. CORSANO.**
**Civil Action No. 388.**

District Court, D. Delaware.
June 26, 1944.

James R. Allen, pro per.

Vincent A. Theisen, of Wilmington, Del., for defendant.

LEAHY, District Judge.

 Plaintiff appears pro se and is the author of his own pleadings. As stated by Judge Biggs, in a similar situation,[1] "In view of these facts the court will endeavor to construe the pleading and plaintiff's contentions without regard for technicalities."

This is an action for damages under 8 U.S.C.A. § 47(3) based upon a conspiracy to interfere with plaintiff's civil rights.[2] Jurisdiction is bottomed on 28 U.S.C.A. § 41(12). A clear understanding of the nature of the alleged wrongs done plaintiff may be had if the complaint is recited in haec verba. The complaint:

"I. Jurisdiction of the District Courts

"1. That the District Courts of the United States have jurisdiction of all suits authorized by law to be brought by any person for recovery of damages for the deprivation of any right or privilege of a citizen of the United States by any act done in the furtherance of any conspiracy mentioned in Section 47, Title 8, of the United States Code Annotated, as provided in sub-Section 12, Section 41, Chapter 2, Title 28 of the United States Code Annotated.

"2. That this action is authorized under the provisions of sub-Section 3, Section 47, Chapter 2, Title 8 of the United States Code Annotated, which provides that any person deprived of equal protection of the laws, or equal privileges or immunities under the laws, may have an action for damages occasioned by such deprivation against any one or more of the conspirators.

"II. Statement of Claim

"1. That the Plaintiff seeks from the Respondant the sum of One Hundred Nine Dollars and Forty Cents due on two claims presented to the Respondant and which the Respondant refused to take action upon; and Ten Thousand Dollars as punitive damages for depriving the Plaintiff of the protection of the laws of the state of Delaware in Civil Actions for debts; and all costs of this legal action.

"III. Facts in Support of Claim

"1. That on March 14, 1944 the Plaintiff presented to the Respondant, in the Respondant's office, 807 Shipley Street, Wilmington, Delaware, a claim for labor against one Edwin R. Kingery, Room 321, Odd Fellows Building, Tenth and King Streets, Wilmington, Delaware, for the sum of Thirty-four Dollars and Fifty Cents; and also a second claim for labor against the Faith Missionary Fellowship, 216 West Second Street, Wilmington, Delaware, for the sum of Seventy-four Dollars and Ninty Cents.

"2. That the Respondant is a regularly appointed Justice of the Peace for the County of New Castle, Delaware, with jurisdiction over Civil Actions for debt to the amount of Five Hundred Dollars.

"3. That the Respondant read the statement of claims presented to him, and thereafter refused to accept the claims or to issue any process thereon.

---

[1] Ghadiali v. Delaware State Medical Society, D.C.Del., 48 F.Supp. 789, 790.

[2] The pertinent portion of the statute provides:

"If two or more persons in any State * * * conspire * * * for the purpose of depriving, either directly or indirectly, any person * * * of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State * * * from giving or securing to all persons within such State * * * equal protection of the laws; * * * if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

"4. That the Respondant's refusal to accept the claims and issue process thereon was a deprivation to the plaintiff of the protection of the laws of the state of Delaware in respect to Civil Actions for debt before a Justice of the Peace.

"5. That an apparent conspiracy existed between the Respondant and one or more of the defaulting persons, and the officials of the State Tax Department and probably other State officers.

"6. That in furtherance of the conspiracy the Respondant insisted that the Plaintiff should go to the office of the State Tax Department, near Ninth and King Streets, which Department had no jurisdiction whatsoever over such a claim.

"7. That the Respondant's insisting that the Plaintiff should go to the State Tax Department was for an ulterior purpose for the injury of the Plaintiff.

"James R. Allen, Plaintiff."

Defendant moved to dismiss because the complaint failed to state a claim upon which relief could be granted. Plaintiff then filed a motion to dismiss defendant's motion to dismiss, on the ground that "the Seventh Amendment to the Constitution of the United States provides that 'In suits at common law, when the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved'", and because defendant's motion to dismiss was filed with the "intent and purpose * * * to obstruct and defeat the orderly course of justice by depriving the Plaintiff of his constitutional right of trial by jury and to prevent consideration of the charges in the Plaintiff's complaint."

While the instant action is against defendant alone, the alleged conspiracy is between defendant, the persons against whom plaintiff had certain claims, and unnamed officials of the Delaware State Tax Department. As charged the alleged injury consists of the deprivation of equal protection of the laws of Delaware in that defendant, as a minor judicial officer, refused to accept plaintiff's claims for suit or to issue process against plaintiff's alleged debtors. Plaintiff admittedly seeks no redress on the ground that the State of Delaware discriminates against him or that its laws fail to afford equal protection. The conspiracy charged here is against individuals who, by concert of action, have agreed to injure plaintiff by depriving him of his right to utilize the minor judicial system of the State of Delaware.

Such actions on the part of defendant and others, if true, do not constitute a cause of action as contemplated by the statute invoked. Although the statute, in a modified form, has been in existence since July 31, 1861, 12 Stat. 284, 17 Stat. 13, there has been a paucity of judicial interpretation. Two comparatively recent cases, however, lend support to defendant's motion that the complaint should be dismissed.

▬ In Love v. Chandler, 8 Cir., 124 F.2d 785, 786, an action was brought against individual defendants alleging they had conspired to prevent plaintiff from being employed under the WPA. Defendants were either officers or agents of the United States or the State of Minnesota. It was charged that in furtherance of the conspiracy defendants had subjected plaintiff to threats, assaults, and certain insanity proceedings. Plaintiff there, as here, based his cause of action on § 47(3) of Title 8 U.S.C.A. and § 41(12) of Title 28. In affirming the district court's order granting the defendants' motion to dismiss, Judge Sanborn wrote:

"The statutes which the appellant seeks to invoke were passed shortly after the Civil War to aid in the enforcement of the Thirteenth Amendment abolishing slavery, the Fourteenth Amendment prohibiting State action the effect of which would be to abridge the privileges or immunities of citizens of the United States or to deprive any person of life, liberty or property without due process or to deny any person the equal protection of the law, and the Fifteenth Amendment prohibiting the denial of the right to vote on account of race or color. See Buchanan v. Warley, 245 U.S. 60, 78, 38 S.Ct. 16, 62 L.Ed. 149, L.R.A.1918C, 210, Ann.Cas.1918 A, 1201. The statutes were intended to provide for redress against State action and primarily that which discriminated against individuals within the jurisdiction of the United States. Hague v. Committee for Industrial Organization, 307 U.S. 496, 509-514, 59 S.Ct. 954, 83 L.Ed. 1423; Hodges v. United States, 203 U.S. 1, 14-20, 27 S.Ct. 6, 51 L.Ed. 65; Logan v. United States, 144 U.S. 263, 290, 291, 12 S.Ct. 617, 36 L.Ed. 429. The statutes, while they granted protection to persons from conspiracies to deprive them of the rights secured by the Constitution and laws

of the United States (United States v. Mosley, 238 U.S. 383, 387, 388, 35 S.Ct. 904, 59 L.Ed. 1355), did not have the effect of taking into federal control the protection of private rights against invasion by individuals. Hodges v. United States, 203 U.S. 1, 14-20, 27 S.Ct. 6, 51 L.Ed. 65; Logan v. United States, 144 U.S. 263, 282-293, 12 S.Ct. 617, 36 L.Ed. 429. The protection of such rights and redress for such wrongs was left with the States. See United States v. Reese, 92 U.S. 214, 23 L.Ed. 563; United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588; Strauder v. West Virginia, 100 U.S. 303, 25 L.Ed. 664; Ex parte State of Virginia, 100 U.S. 339, 25 L.Ed. 676; Neal v. Delaware, 103 U.S. 370, 26 L.Ed. 567; United States v. Harris, 106 U.S. 629, 1 S.Ct. 601, 27 L.Ed. 290; In re Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835; Carter v. Greenhow, 114 U.S. 317, 330, 5 S.Ct. 928, 962, 29 L.Ed. 202, 207. See, also, The Supreme Court in United States History, by Charles Warren, Vol. III, Chapter 34.

"The appellant does not seek redress because the State of Minnesota is discriminating against him, or because its laws fail to afford him equal protection. We have already held that he had no absolute right under the laws of the United States to have or retain employment by the Works Progress Administration. The appellant seeks damages because certain persons, as individuals, have allegedly conspired to injure him and have injured him by individual and concerted action. The wrongs allegedly suffered by the appellant are assault and battery, false imprisonment, and interference with his efforts to obtain and retain employment with the Works Progress Administration. The protection of the rights allegedly infringed and redress for the alleged wrongs are, we think within the exclusive province of the State. Compare Hodges v. United States, 203 U.S. 1, 27 S.Ct. 6, 51 L.Ed. 65; Carter v. Greenhow, 114 U.S. 317, 330, 5 S.Ct. 928, 962, 29 L.Ed. 202, 207. We agree with the trial court that the appellant has failed to state a claim upon which relief could be granted under the statutes which he has invoked. His complaint was properly dismissed."

In Mitchell v. Greenough, 9 Cir., 100 F.2d 184, 186, the complaint charged a conspiracy among certain prosecuting attorneys, a judge and witnesses, all of whom had taken part in a trial where plaintiff stood charged with larceny, for which he was convicted. Plaintiff contended that the conspiracy was formed for the purpose of depriving him of his right to practice law in the state and federal courts in Washington by means of perjured testimony given at his trial. The Circuit Court of Appeals, directing the lower court to dismiss the suit for the reason that the complaint did not state a cause of action, said:

"The question then is whether or not a conspiracy to secure a conviction of a criminal offense in a court having jurisdiction thereof and of the defendant by knowingly using perjured testimony to convict an innocent person, is a conspiracy for the purpose of impeding the due course of justice in an attempt to 'deny to any citizen the equal protection of the laws'. It is only in case of a conspiracy to effectuate such a purpose that one damaged in his person or property, or deprived of his rights as a citizen of the United States, is entitled to maintain an action for damages in the federal courts under the statute. (8 U.S.C.A. § 47, supra).

"No such purpose was involved in the alleged conspiracy in the case at bar. Appellant was subjected to no greater hazard than any other individual in the state, namely, the hazard of being prosecuted for a crime and convicted by false testimony, and if the prosecuting officer of the county were sufficiently corrupt to use his high office for the purpose of convicting innocent people by perjured testimony, all the citizens within his jurisdiction would be subject to the same hazard.

"It is clear that conspiracy to deny the defendant due process of law is not a conspiracy to deny a person 'equal protection of the law', within the meaning of that phrase as used in the Fourteenth Amendment, U.S.C.A.Const. Amend. 14, and the act under consideration (8 U.S.C.A. § 47, supra). The two propositions are quite distinct. Tinsley v. Anderson, 171 U.S. 101, 106, 18 S.Ct. 805, 43 L.Ed. 91. The prohibition against 'denial of the equal protection of the law' was to prevent class legislation or action. It follows that the plaintiff has failed to state a cause of action within the terms of the federal statute (8 U.S.C.A. § 47, supra) upon which he relies. Inasmuch, however, as the only cause of action alleged is one under that statute such claim is not without color.

The District Court had jurisdiction of the action founded upon a federal statute and, consequently, had jurisdiction to decide that the plaintiff had failed to state a cause of action under that statute."

In the instant case, Delaware has done no act injuring plaintiff. At most, the complaint discloses an alleged conspiracy of individuals to deny the plaintiff equal protection and due process of law by preventing his utilization of the justice of the peace's court. This is not a conspiracy to deny plaintiff "equal protection of the law" within the meaning of the Fourteenth Amendment and the statute invoked by plaintiff. Neither do we agree with plaintiff's proposition that he has been deprived of due process of law. There has been no such deprivation, for plaintiff has not availed himself of his remedies in the state court. Mandamus will lie to compel a justice of the peace to take jurisdiction, as well as compel him to issue process. 38 C.J., Mandamus, 617, 618. Redress for plaintiff's alleged wrongs is within the exclusive province of the State Court. The complaint should be dismissed.