**WATCHTOWER BIBLE & TRACT SOC., Inc. v. LOS ANGELES COUNTY, CAL., et al.**

No. 8884.

United States District Court
S. D. California, Central Division.

May 26, 1949.

Wirin & Okrand, Los Angeles, Cal., Hayden C. Covington, Brooklyn, N. Y., for plaintiff.

Harold W. Kennedy, County Counsel, Gordon Boller, Deputy County Counsel, Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The above-entitled cause, heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the Defendants that Plaintiff take nothing by the Complaint and that a declaration be made in favor of the Defendants that the ad valorem tax levied on certain personal property under the California Revenue and Taxation Code, Secs. 106, 201, 401, 2151, 2602, and 2903, is valid and that the statute is constitutional, both in its language and general application, and in its application by the Defendants to the property of the Plaintiff.

## Comment

The Complaint seeks judgment for the return of ad valorem taxes in the sum of $292.85, alleged to have been illegally and unconstitutionally collected under protest made under Section 5136 of the California Revenue and Taxation Code, and Declaratory relief. The Plaintiff is a New York corporation, authorized to do business in California. It engages in religious activities, through the group known as Jehovah's Witnesses. The Complaint asserts that the tax on the literature—books and pamphlets —of the Plaintiff of the assessed value of $5,220 is a tax on its freedom of worship and violative of the guaranties of the First Amendment.

■ Jurisdiction is challenged upon the ground that the action merely seeks to recover a tax, California Revenue & Taxation Code, Sec. 5136, and the statutory minimum is not present. Ordinarily, and especially before the enactment of the Declaratory Judgment Statute, 28 U.S.C.A. §§ 2201-2202, actions of this character required both diversity and jurisdictional minimum. 28 U.S.C.A. § 1332; see, Carter v. Greenhow, 1884, 114 U.S. 317, 5 S.Ct. 928, 29 L.Ed. 202; Cruickshank v. Bidwell, 1900, 176 U.S. 73, 20 S.Ct. 280, 44 L.Ed. 377. However, I am of the view that, while the Declaratory Judgment Statute, 28 U.S.C.A. §§ 2201-2202, does not enlarge the jurisdiction of the court, the allegations of the Complaint are broad enough to put in question the constitutional validity of the tax under circumstances which relate to denial of civil rights and independent of the amount involved. 28 U.S.C.A. § 1343(3); see, Hague v. C. I. O. 1939, 307 U.S. 496, 527 et seq., 59 S.Ct. 954, 83 L.Ed. 1423, per Stone, J.; Hillsborough v. Cromwell, 1946, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358; Great Lakes Co. v. Huffman, 1943, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; Alabama Federation of Labor v. McAdory, 1945, 325 U.S. 450, 65 S.Ct. 1384, '9 L.Ed. 1725.

At any rate, I am willing to resolve ;·hatever doubts may exist in the matter in favor of jurisdiction.

On the merits, however, I am of the view that the statute under consideration, either in its scope or application, does not infringe the right of free worship guaranteed by the First Amendment to the United States Constitution. We are not bound by the interpretation which state courts place upon the federal Constitution or federal statutes. However, where we agree with their interpretation, no ground exists for refusal to accept it, when a matter is before us either in the same or in a different case. I am of the view that the Supreme Court of California has interpreted correctly the statute under consideration, and has reached the proper conclusion when it ruled that it does not violate any federal constitutional provision, and especially the guarantee of freedom of worship of the First Amendment. Watchtower Bible and Tract Society, Inc., v. Los Angeles County, 1947, 30 Cal.2d 426, 182 P.2d 178. By analogy to the commerce cases, cf. Joseph v. Carters & Weekes Co., 1946, 330 U.S. 422, 67 S.Ct. 815, 91 L.Ed. 993, counsel for the plaintiff have postulated a "stream of worship" theory which would include the books and pamphlets destined ultimately to be used in lieu of preaching as a part of worship, and render them immune from taxation under the guaranty of the First Amendment.

The answer to the contention is contained in the following pithy statement of the Supreme Court:

"*The exemption from a license tax of a preacher who preaches or a parishioner who listens does not mean that either is free from all financial burdens of government, including taxes on income or property. We said as much in the Murdock case.* 319 U.S. p. 112, 63 S.Ct. 874, 87 L.Ed. 1292, 146 A.L.R. 81." Follett v. McCormick, 1943, 321 U.S. 573, 577, 64 S.Ct. 717, 719, 88 L.Ed. 938, 152 A.L.R. 317. (Emphasis added.)

The Supreme Court of California has summarized correctly the rulings of the Supreme Court of the United States in another case which arose under a similar statutory enactment:

"Activities characteristic of the secular life of the community may properly be a concern of the community even though they are carried on by a religious or-

**354**

ganization." Gospel Army v. City of Los Angeles, 1945, 27 Cal.2d 232, 163 P.2d 704, 712.

And ownership of property in books of a religious character *is a taxable activity*.

 In short, we take it to be the law that the guaranty of free worship does not prevent the taxation, as property, of goods and things, be they books or not, while they are in storage, and waiting to be distributed or used by members of a religious group. If carried to its logical conclusion, the "stream of worship" theory would prevent a city or state from taxing the linotype machines which the plaintiff organization might own and on which the books are printed, and any of the component parts which go into the making of the books, such as paper, type, lead, and, for that matter, the income of persons who may be engaged in writing the religious books. The First Amendment does not go to that length. It merely protects the act of worship. Distribution of literature may be a part of the exercise of freedom of worship and of the freedom of the press, for that matter. See my opinion in People v. Armentrout, 1931, 118 Cal.App. Supp. 761; 1 P.2d 556; and see, Lovell v. Griffin, 1948, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949. But it does not immunize against local taxation instrumentalities of worship, such as books and literature *while they are stored*. The Plaintiff is not the only religious group which relies chiefly upon written texts for preaching. The Christian Science Church relies as a means of spreading its doctrine upon the reading of the Scriptures and of Mrs. Eddy's Science and Health. It has never been contended that the various Christian Science Churches and Societies, which carry large quantities of the Christian Science text book in stock, were not subject to local and state taxation of the same as property. Yet the *contention of the Plaintiff, if correct, would* eliminate from taxation the Christian Science textbook, and Bibles and other religious objects of other denominations while stored for future use. We conclude that the property of the Plaintiff was properly taxed.

Hence the judgment and declaration as above indicated. Findings and judgment to be prepared by counsel for the Defendants under Local Rule 8.