**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PARKER ANDREWS; JOSEPH N.
BURROWS; LINDA G. FINNELLE;
MICHAEL F. GILLIGAN; LEROY JONAS,
JR.; RICHARD F. MAYER; JOSEPH J.
MCCANN; VERONICA MIXTER; JOSEPH
H. NOVOTNY; EMOGENE N. PRICE;

DENISE RANKIN; ADRIAN G. TEEL;
FRANCIS J. ZYLWITIS,
Plaintiffs-Appellees,

v.

ANNE ARUNDEL COUNTY, MARYLAND,
Defendant-Appellant.

No. 96-2463

PARKER ANDREWS; JOSEPH N.
BURROWS; LINDA G. FINNELLE;
MICHAEL F. GILLIGAN; LEROY JONAS,
JR.; RICHARD F. MAYER; JOSEPH J.
MCCANN; VERONICA MIXTER; JOSEPH
H. NOVOTNY; EMOGENE N. PRICE;

DENISE RANKIN; ADRIAN G. TEEL;
FRANCIS J. ZYLWITIS,
Plaintiffs-Appellants,

v.

ANNE ARUNDEL COUNTY, MARYLAND,
Defendant-Appellee.

No. 96-2465

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-96-173-AMD)

Argued: May 5, 1997

Decided: June 13, 1997

Before WILKINSON, Chief Judge, and RUSSELL and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Alan Plymyer, Deputy County Attorney, ANNE
ARUNDEL COUNTY OFFICE OF LAW, Annapolis, Maryland, for
Appellant. Glen Marshall Cooper, David M. Rothenstein, PALEY,
ROTHMAN, GOLDSTEIN, ROSENBERG & COOPER, CHAR-
TERED, Bethesda, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Retired employees who were receiving benefits under Anne Arun-
del County's retirement plan for appointed and elected officials ("the
A & E Plan") sued the county arguing that recent, retroactive, legisla-
tive adjustments to the A & E Plan violated Maryland law and the
Contract Clause of the United States Constitution. The district court
found that Bill 74-95, which increased the retirement age to 60 from
50 and decreased benefits for retirees, violated the Contract Clause,
reasoning that the County could not go back on its contract to provide
pension benefits absent a financial emergency. The district court,

2

however, relying on <u>Carter v. Greenhow</u>, 114 U.S. 317 (1885), found that the plaintiffs could not receive attorneys fees because there is no cause of action available under 42 U.S.C. § 1983 for violations of the Contract Clause. Furthermore, the district court found that none of the plaintiffs had standing to challenge bill 61-94, which altered survivor benefits, because none of the plaintiffs had been injured by its application. Lastly, the district court declined to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. Both parties appeal from the district court's decision.

Our review of the record and the appropriate legal standards in this case persuades us that the decision of the district court was correct. We therefore affirm the judgment on the reasoning set forth in the district court's extensive and careful memorandum opinion. <u>Andrews v. Anne Arundel County</u>, 931 F. Supp. 1255 (D. Md. 1996).

<u>AFFIRMED</u>