DISSENT
KAREN NELSON MOORE, Circuit Judge,
dissenting.
The majority today holds that a violation of the Contracts Clause of the United States Constitution cannot give rise to a cause of action under 42 U.S.C. § 1988.[1] Because I find the majority’s conclusion in conflict with the precedent of both the Supreme Court and our Circuit, and because the majority’s new rule runs afoul of the Supreme Court’s directive that § 1983 be broadly construed, I respectfully dissent.
I.
Section 1983 of Title 42 of the United States Code “provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law.” Smith v. City of Salem, 378 F.3d 566, 576 (6th Cir. 2004). “The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.” Wyatt v. Cole, 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992). The Supreme Court, relying on congressional intent, has instructed lower courts that § 1983 is to be “liberally construed.” See Schultz v. Wellman, 717 F.2d 301, 305 n.10 (6th Cir. 1983) (quoting Lake Country Estates v. Tahoe Regional Planning Agency, 440 U.S. 391, 400, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979)).
The majority begins its incursion on § 1983 by stating that “the Supreme Court has never definitively held that an alleged *350 Contracts Clause violation is cognizable as a § 1983 claim. On the contrary, the only on-point Supreme Court decision suggests that the Contracts Clause does not protect an individual constitutional right enforceable under § 1983.” Maj. Op. at 346. In Carter v. Greenhow, 114 U.S. 317, 5 S.Ct. 928, 29 L.Ed. 202 (1885), the Supreme Court addressed whether a Virginia plaintiff could pay his property taxes using coupons cut from bonds that were issued by the Commonwealth of Virginia. The plaintiff in Carter had received a certain number of coupons from the Commonwealth that he believed he could use to pay the taxes on his property. After the Commonwealth changed its laws regarding accepting coupons for property-tax payments, Carter’s coupons were rejected by the treasurer in Richmond, Virginia. Carter’s lawsuit was brought under the precursor statute to § 1983, which provided relief for persons “subjected by the defendant, under color of a statute of a State, to the deprivation of a right, privilege or immunity secured by the Constitution.” Id. at 321, 5 S.Ct. 928. The Supreme Court concluded that Carter’s lawsuit may have implicated the Contracts Clause but that he failed to plead that it did, and in any event, his right to pay his taxes with coupons rather than money was not a right “directly secured to him by the Constitution.” Id. at 322, 5 S.Ct. 928. Importantly, Carter never pleaded expressly a violation of the Contracts Clause, and the Court held only that “the declaration now before us does not show a cause of action within its terms.” Id. at 323, 5 S.Ct. 928.
I disagree with the Majority’s assertion that “[i]f we apply Carter's logic to the ‘substantially identical’ language contained in § 1983, it would seem to bar a potential plaintiff from raising a cognizable § 1983 claim based upon a Contracts Clause violation.” Maj. Op. at 346. The Carter Court did- not opine on whether a Contracts Clause violation could give rise to a suit under the § 1983 precursor statute; it concluded, citing “the declaration now before us,” that a complaint that failed even to allege a violation of the Contracts Clause could not give rise to such a cause of action. Carter, 114 U.S. at 323, 5 S.Ct. 928. Further, the Court instructed that “[i]t might be difficult to enumerate the several descriptions of rights secured to individuals by the Constitution, the deprivation of which, by any person, would subject the latter to an action for redress” under the precursor statute to § 1983. Id. It simply does not follow from a faithful reading of Carter that the Court intended so severely to restrict, as the majority does today, the force of what would eventually become § 1983.
The majority concedes that Carter may not retain “much precedential force.” Maj. Op. at 346. In Dennis v. Higgins, 498 U.S. 439, 440, 111 S.Ct. 865, 112 L.Ed.2d 969 (1991), the Supreme Court held that an alleged violation of the Commerce Clause could give rise to a cause of action under § 1983. The dissent in Dennis argued, as the majority today holds, that after Carter, “the Commerce Clause does not secure any rights, privileges, or immunities within the meaning of § 1983.” Id. at 451 n.9, 111 S.Ct. 865. The Dennis majority rejected the dissent’s reliance on Carter because Carter “held as a matter of pleading that the particular cause of action set up in the plaintiffs pleading was in contract and was not to redress deprivation of the ‘right secured to him by that clause of the Constitution [the contract clause], to which he had ‘chosen not to resort.’” Id. (quoting Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 613 n.29, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979)). The Court majority in Dennis admonished that “This Court ... has already given [Carter] a narrow reading.” Id. I therefore cannot *351 accept the majority s invitation to give Carter its broadest possible interpretation, and to ignore the Supreme Court’s directive to construe § 1983 liberally.
II.
The majority is correct that two of our sister circuits have addressed whether an alleged violation of the Contracts Clause can give rise to a cause of action under § 1983. See S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 887 (9th Cir. 2003) (concluding that a violation of the Contracts Clause can give rise to a cause of action under § 1983); Crosby v. City of Gastonia, 635 F.3d 634, 641 (4th Cir. 2011) (concluding that an action alleging state impairment of a private contract cannot give rise to a § 1983 cause of action). The Ninth Circuit relied heavily on the Dennis Court’s statement that § 1983 shall be “liberally and beneficently construed,” and on the Supreme Court’s noting that Carter was dismissed because of a pleading deficiency and must therefore be read narrowly. S. Cal. Gas Co., 336 F.3d at 887. The Fourth Circuit addressed Dennis, but concluded that the “narrow reading” language meant only that Carter dealt with the Contracts Clause and could not be applied to rights secured by other federal laws. Crosby, 635 F.3d at 641. The Fourth Circuit did not support its strained reading of Dennis with a single citation, and the majority’s opinion today provides no precedential support for that interpretation. Moreover, a panel of this Circuit has implicitly held that a Contracts Clause violation can give rise to a cause of action under § 1983. See Welch v. Brown, 551 Fed.Appx. 804, 812 (6th Cir. 2014) (affirming a district court’s grant of a preliminary injunction because a Contracts Clause claim brought under § 1983 had a likelihood of success on the merits).
I would therefore follow the Supreme Court’s direction to read Carter narrowly and to construe § 1983 liberally, and I conclude that an alleged violation of the Contracts Clause can give rise to a violation of § 1983. Accordingly, I would AFFIRM the judgment of the district court on the Contracts Clause claim.
III.
I would reverse the district court’s judgment on the Due Process Clause and Takings Clause claims only because I conclude that the complaint fails to allege with specificity facts that can state a claim for relief against these Defendants under either clause.

. Though this case was fully briefed and we heard oral argument, the majority concedes that this issue was “not briefed by either of the parties.” Maj. Op. at 345. I am deeply troubled by the majority’s decision to issue such a sweeping and consequential ruling when neither party has been heard on the issue.