291 F.2d 706
 Paul EGAN, Plaintiff-Appellant,
v.
CITY OF AURORA, a Municipality under the laws of the State of Illinois, Leo Boucon, William G. Konrad, H. A. Wyeth, Sr., William B. Robertson, Donald Curran, Hershell Stover, LeRoy Straud, Anthony Rukas, John (Jack) Pfiefer, Ray Schuhow, John Day and Charles Darling, Defendants-Appellees.
 No. 12738.
 United States Court of Appeals Seventh Circuit.
 June 30, 1961.
 
 Sol R. Friedman, Joseph Keig, Sr., Chicago, Ill., for appellant.
 William C. Murphy, Aurora, Ill., for appellees.
 Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.
 DUFFY, Circuit Judge.
 
 
 1
 Plaintiff was the Mayor of Aurora, Illinois, when he brought this action in the United States District Court for the Northern District of Illinois. He named, as defendants, the City of Aurora and certain of its officers,[1] and asked damages in the sum of five million dollars, charging violations of the Federal Civil Rights statutes, Title 42 U.S.C.A. §§ 1983 and 1985.
 
 
 2
 In the District Court, defendants moved to dismiss the action because the complaint as to each of them failed to state a claim upon which relief could be granted. The District Court granted the motion and entered judgment for the defendants. Judge Campbell's excellent opinion appears in 174 F.Supp. 794.
 
 
 3
 On appeal, this Court affirmed, 275 F.2d 377. However, the United States Supreme Court, in a brief per curiam opinion, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741, reversed as to all defendants except the City of Aurora, and pointed out the opinions of the District Court and of our Court were handed down prior to their opinion in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492.
 
 
 4
 The Supreme Court stated that the opinion of this Court was not explicit as respects the grounds for dismissing the complaint under 42 U.S.C.A. § 1985. The Court also suggests that this Court seems to have decided the case on a construction of 42 U.S.C.A. § 1983 which is, apparently, inconsistent with Monroe v. Pape. The cause as to the individual defendants was remitted to us "for a reconsideration in light of this opinion."
 
 
 5
 We first consider 42 U.S.C.A. § 1985, the so-called conspiracy statute. It is important to note that Monroe v. Pape, supra, did not deal with or discuss this section of the Civil Rights Act. It should also be noted the requirement of "under color of any statute * * * [or] regulation * * * of any State * * *" which appears in Section 1983 does not appear in Section 1985.
 
 
 6
 The complaint herein states the cause of action is based on Sections 1983 and 1985(3). It does allege in general terms a conspiracy to deprive plaintiff of his right to freedom of speech and assembly. But, Section 1985 (3) does not create a cause of action or claim upon which relief can be granted, based on that sort of a conspiracy. The section specifically provides that a conspiracy to be actionable must be "for the purpose of depriving * * * any person * * * of the equal protection of the laws, or of equal privileges and immunities under the laws * * *." (Emphasis supplied.)
 
 
 7
 In Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253, the action was brought under the predecessor of Section 1985(3). The Court said, at page 661 of 341 U.S. at page 941 of 71 S.Ct.: "* * * it is clear that this statute does not attempt to reach a conspiracy to deprive one of rights, unless it is a deprivation of equality, of `equal protection of the law,' or of `equal privileges and immunities under the law.'"
 
 
 8
 In further explanation of the restricted form of the conspiracy which might be the basis of a suit for damages under Section 1985(3), the Supreme Court, in the same opinion stated, at page 661 of 341 U.S., at page 942 of 71 S.Ct.: "The only inequality suggested is that the defendants broke up plaintiffs' meeting and did not break up meetings of others with whose sentiment they agreed. To be sure, this is not equal injury, but it is no more a deprivation of `equal protection' or of `equal privileges and immunities' than it would be for one to assault one neighbor without assaulting them all, or to libel some persons without mention of others."
 
 
 9
 In Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497, the Court held that to sustain an action under Section 1985, it must be alleged and proved the purpose of the act complained of was to purposely discriminate between persons or classes of persons.
 
 
 10
 We, therefore, explicitly hold that the plaintiff's complaint did not state a claim upon which relief could be granted under 42 U.S.C.A. § 1985(3). It follows, the District Court was correct in dismissing the complaint insofar as relief was sought under that section.
 
 
 11
 Plaintiff argues that the allegation of his complaint alleging a conspiracy to deprive him of his right to free speech and assembly, states a claim upon which relief can be granted under Section 1983.[2]
 
 
 12
 In paragraph 8 of the complaint, plaintiff alleges the actions taken by Curran (Chief of Police) and other police officer defendants named "were taken as a result of a conspiracy between them * * *" and the four named City Commissioners and Charles Darling, the Corporation Counsel. It is apparent that no cause of action is stated against the four City Commissioners and the Corporation Counsel unless the statute (Section 1983) creates a cause of action based upon a conspiracy.
 
 
 13
 This Court stated in Jennings v. Nester, 217 F.2d 153, 154, "Section 1983 does not mention conspiracy, while Section 1985 does. Therefore, the Act creates a cause of action for a conspiracy to deny equal protection, but not for a conspiracy to deny due process."
 
 
 14
 We shall adhere and follow our decision in Jennings v. Nester. We do not intend to read into Section 1983 something that is not there. Possibly Congress could create a civil cause of action based upon a conspiracy to deprive a person of his right to free speech and assembly, but, as yet, it has not done so. It follows that the District Court was correct in dismissing the complaint insofar as it was based upon a conspiracy to violate Section 1983.
 
 
 15
 Although plaintiff endeavored to base his claim upon a conspiracy to violate Sections 1983 and 1985(3), there is, in the complaint, some broad language as to the police officers which can be interpreted to state a claim under Section 1983 irrespective of the charge of conspiracy. The complaint alleged Police Chief Curran, and police officers Stover, Straud and Rukas, laid hands upon the plaintiff, arrested him, and carried him physically from the rostrum on which he was speaking, and incarcerated him in the city jail in Aurora; that the defendants named were aided and abetted by officers Pfiefer, Schuhow and Day.
 
 
 16
 In a later paragraph in the complaint, plaintiff alleges: "By reason of the facts herein alleged, plaintiff * * * was deprived of the right of free speech and free assembly guaranteed to him by the Fourteenth Amendment. * * *"
 
 
 17
 We agree with the District Court, Egan's actions, including his proclamation and invitation to all races and creeds including "legally registered Communists" to assemble and bear arms, created a clear and present danger to the citizens of Aurora. However, under recent decisions of the Supreme Court, we feel that there is nothing we can do but reverse the judgment of the District Court and remand for a trial upon the merits against only the police officers named as defendants.
 
 
 18
 Reversed and remanded.
 
 
 
 Notes:
 
 
 [1]
 The defendants named were City of Aurora, the Chief of Police of Aurora and six police officers, four individuals who were City Commissioners of Aurora, and the Corporation Counsel of Aurora
 
 
 [2]
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."