William L. GUY, Governor State of North Dakota, Helgi Johanneson, Attorney General, and Math Dahl, Commissioner of Agriculture, as the Members of the Industrial Commission of North Dakota, Plaintiffs,

v.

Karl F. ROLVAAG, Governor of the State of Minnesota, Walter F. Mondale, Attorney General of the State of Minnesota, and Ronald L. Anderson, Chairman, Paul A. Rasmussen and Hjalmar Petersen, as Members of the Railroad and Warehouse Commission of the State of Minnesota, Defendants.

Civ. No. 3–64–21.

United States District Court
D. Minnesota,
Third Division.
Aug. 31, 1964.

302

Helgi Johanneson, Atty. Gen. of North Dakota, Paul M. Sand, First Asst. Atty. Gen., and Jon Kerian, Sp. Asst. Atty. Gen., Bismarck, N. D., for plaintiffs.

Walter F. Mondale, Atty. Gen. of Minnesota, James D. Mason, Sp. Asst. Atty. Gen., Linus J. Hammond, Asst. Atty. Gen., St. Paul, Minn., for defendants.

Before BLACKMUN, Circuit Judge, and DONOVAN and LARSON, District Judges.

DONOVAN, District Judge.

The case at bar came on for hearing at St. Paul, Minnesota, before a statutory court of three judges. Plaintiffs seek injunctive relief and judgment. The pending motions will be disposed of before determination on the merits.

Plaintiffs' motion for permission to file a second amended complaint is granted.

It is so ordered.

Defendants Karl F. Rolvaag and Walter F. Mondale have each moved for dismissal of the action as to them.

Said motions to dismiss may be and the same are hereby granted.

It is so ordered.

 The defendants have moved the court to abstain from a decision of this matter until the Supreme Court of Minnesota has interpreted the statute here involved. The abstention doctrine is not an automatic rule applied whenever a Federal court is faced with a doubtful issue of state law; it rather involves a discretionary exercise of a court's equity powers. Ascertainment of whether there exist the special circumstances prerequisite to its application must be made on a case-by-case basis.[1] Said motion to abstain is denied.

It is so ordered.

 The circumstances of the case at bar suggest that the Minnesota statute has to do with intrastate commerce ex-clusively. In the absence of special circumstances of an opposing nature, the absence of expression by the Minnesota court should not "impede the normal course of action where federal courts have been granted jurisdiction of the controversy."[2]

The sole remaining issue in the present case has to do with the continuity in interstate commerce of 35 carloads of barley carried by rail from North Dakota to Duluth, Minnesota, and there transferred to a lake carrier and shipped to Buffalo, New York. The original complaint has been amended and the allegations of the second amended complaint are herein relied on. The allegations of said complaint satisfy jurisdictional prerequisites.[3]

The facts pertaining to the movement in commerce are not disputed. The cars in question were loaded in Grand Forks, North Dakota. At that time they were subjected to inspection by an inspector licensed by the United States. Upon arrival at Duluth, Minnesota, consignment directions called for the barley to be delivered to Capitol Elevator No. 4. This elevator is a public terminal warehouse in the State of Minnesota. The barley was again inspected in the railroad yards prior to unloading into the elevator pursuant to Minnesota Statutes Annotated § 233.07, and the fee to be collected was charged to the delivering railroad carrier. The barley remained in the elevator separate and apart from other barley until it was transferred onto the Steamship JOHN T. HUTCHINSON for the resumption of carriage to Buffalo.

The foregoing recital is a sufficient statement of the facts for the court to determine the character of the commerce involved. Was there continuity in the shipment from point of origin in North Dakota to destination in New York?

 We are of the opinion that the transfer from rail to water as above

---

1. Baggett v. Bullitt, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377; See also Hostetter v. Idlewild Liquor Corp., 377 U.S. 324, 328, 329, 84 S.Ct. 1293, 12 L. Ed.2d 350.

2. Propper v. Clark, 337 U.S. 472, 492, 69 S.Ct. 1333, 93 L.Ed. 1480.

3. Title 28 U.S.C. § 1331(a).

outlined did not constitute a break in the continuity of movement from origin in North Dakota to destination in New York. The temporary delay necessitated by transfer of the shipment was reasonable and did not cause the barley to lose its interstate character.

"A temporary pause in their transit does not mean that they are no longer 'in commerce' within the meaning of the Act." [4]

The free flow of interstate commerce and its freedom from local restraints are interests safeguarded by the commerce clause of the United States Constitution.[5] In the present case, an inspection was made by a federally licensed inspector. Under the facts here, we are not concerned with quarantine or local regulation of rivers, harbors, piers, and docks. The inspection here involved was limited to the grading of grain so that interested parties could be notified. The only interested parties were the consignor in North Dakota and the consignee in New York.

The facts of the case show a good-faith interruption in the interstate journey of barley in transit from North Dakota to New York. It is our opinion that the inspection for grading purposes at Duluth after the grain had been previously inspected is an unreasonable burden on interstate commerce.

Plaintiffs seek a determination that the statute here involved is unconstitutional. The statute finds its origin in Chapter 144 Session Laws of Minnesota 1885. It is the general rule that courts construe statutes so that they are constitutional rather than unconstitutional.[6] It is the duty of the Federal courts to avoid unnecessary decision of constitutional questions.[7] The statute relied on has valid application to grain which is not moving in interstate commerce. It must be assumed that the legislative body investigated and found conditions such that the legislation enacted was appropriate and that the authorized officials of the State will apply the statute as contemplated by the legislature.[8]

Injunctive relief is not required. It must be assumed that officials of the State will perform their duties in accordance with the law.

Plaintiffs' prayer for declaratory judgment is granted consistent with the foregoing memorandum.

All motions not heretofore ruled on are denied.

It is so ordered.

4. Walling v. Jacksonville Paper Co., 317 U.S. 564, 568, 63 S.Ct. 332, 335, 87 L.Ed. 460; Carson Petroleum Co. v. Vial, 279 U.S. 95, 49 S.Ct. 292, 73 L.Ed. 626; Hughes Bros. Timber Co. v. Minnesota, 272 U.S. 469, 47 S.Ct. 170, 71 L.Ed. 359; Northwestern-Hanna Fuel Co. v. McComb, 8 Cir., 166 F.2d 932; Walling v. Northwestern-Hanna Fuel Co., D.C. Minn., 67 F.Supp. 833.

5. Article I, Section 8, Clause 3 of the Constitution of the United States provides:
 "The Congress shall have Power
 * * *
 "To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."

6. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725; National Labor Relations Board v. Jones & Laughlin, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971.

7. Spector Motor Service v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101; Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; Siler v. Louisville & Nashville R.R. Co., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753.

8. Erie R.R. Co. v. Williams, 233 U.S. 685, 34 S.Ct. 761, 58 L.Ed. 1155, 51 L.R.A., N.S. 1097.