241 F.Supp. 633 (1965)
James W. ROGERS, Plaintiff,
v.
PROVIDENT HOSPITAL, a/k/a Provident Hospital & Training School Association, an Illinois Corporation, Ervin Moore and Frank Gentile, Defendants.
No. 65 C 446.
United States District Court N. D. Illinois, E. D.
May 13, 1965.
*634 *635 Louis M. March, Chicago, Ill., for plaintiff.
Perry L. Fuller, Hinshaw, Culbertson, Moelmann & Hoban, Chicago, Ill., for defendant Provident Hospital a/k/a Provident Hospital & Training School Assn.
Raymond F. Simon, Corp. Counsel, City of Chicago, Benjamin E. Novoselsky, Asst. Corp. Counsel, Chicago, Ill., for defendants Ervin Moore and Frank Gentile.
PARSONS, District Judge.
This is an action against a private hospital and two Chicago police officers brought under the Federal Civil Rights Act, 28 U.S.C. § 1343, 42 U.S.C. § 1983, § 1985, § 1986; and Amendments IV, VI and XIV to the United States Constitution,[1] 28 U.S.C. § 1331. Diversity of citizenship is not alleged. The amount in controversy exceeds $10,000.00 exclusive of interest and costs. Defendant Provident Hospital has moved to dismiss the action against it (Count I) for lack of jurisdiction and for failure to state a claim upon which relief can be granted.
Taking as true the allegations of the complaint, as they must be on ruling upon defendant's motion to dismiss, Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), it appears that plaintiff was injured in an automobile accident near 43rd Street and Drexel Boulevard, Chicago, Illinois, on August 15, 1964. He was transferred to Provident Hospital by a Chicago Police Department squadrol, where he requested, and was refused, immediate medical care by hospital employees. Plaintiff offered to pay the reasonable charges for medical services to be rendered him for his injuries, but was turned down. As a direct consequence of such refusal, plaintiff sustained serious and permanent injuries.
*636 Plaintiff further alleges that employees of the hospital called and caused the two defendant Chicago police officers, acting on behalf of the City of Chicago, to cause plaintiff at the hospital to be wrongfully assaulted about his face and body, and to have plaintiff placed in handcuffs and falsely and wrongly imprisoned, and that they prevented plaintiff from going about his normal business and obtaining proper medical care; all without cause or provocation.
Thereafter, said police officers forcefully and without cause kept plaintiff in handcuffs and removed him from the hospital to a nearby police station, where he was placed in jail for a number of hours, and later released on bond. Plaintiff seeks $175,000.00 in damages from Provident Hospital.

CAUSE OF ACTION BASED UPON THE FOURTEENTH AMENDMENT
Where a claim is alleged to "arise under" the Constitution and Amendments thereto, a United States District Court must assume jurisdiction to determine whether the complaint states a claim upon which relief can be granted, provided that the claim is not frivolous but arguable, Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912 (1951), and that the amount in controversy exceeds $10,000.00.[2] Giancana v. Johnson, 335 F.2d 366 (7th Cir. 1964), cert. denied, 379 U.S. 1001, 85 S.Ct. 718, 13 L.Ed.2d 702. Where, as here, jurisdiction depends upon subject matter, the question whether jurisdiction exists should not be confused with the question whether the complaint states a valid cause of action. The latter involves a decision on the merits; the former does not. A claim should not be dismissed for lack of jurisdiction unless it appears, to a legal certainty, that the claim is wholly insubstantial and frivolous so far as the Constitution is concerned. Bell v. Hood, supra; Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963).
Although plaintiff's claim against Provident Hospital for damages under the Fourteenth Amendment appears rather insubstantial, experience teaches that the wiser and better practice is for the Court to assume jurisdiction over this cause for the purpose of determining whether Count I states a cause of action against Provident under the Constitution. Wheeldin v. Wheeler, supra.
Although equitable actions have been permitted to be brought to enforce rights guaranteed under the Fourteenth Amendment, e. g., Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964), it has consistently been held that the Constitutional Amendments are not self-executing as far as civil actions for damages are concerned. Wheeldin v. Wheeler, supra; Bell v. Hood, 71 F.Supp. 813 (S.D.Cal.1947).
But assuming, arguendo, that an action for damages "arising under" Amendments to the United States Constitution can be brought against an individual or a corporation, see, Wheeldin v. Wheeler, 373 U.S. 647, 653-667, 83 S.Ct. 1441 (1963) (opinion of Mr. Justice Brennan); Nash v. Air Terminal Services, Inc., 85 F.Supp. 545 (E.D.Va.1949); clearly no violation of the Fourteenth Amendment is presented here.
It is elementary that in order to establish a violation of the Fourteenth Amendment, there must be "state action" which results in a deprivation of a right, *637 privilege or immunity protected by that Amendment. Provident Hospital is a private institution. Nowhere is it alleged that it is involved with official agencies to such a "significant extent", Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), that its actions are to be judged by constitutional standards. Compare, Simkins v. Moses H. Cone Memorial Hospital, 323 F.2d 959 (4th Cir. 1963), cert. denied, 376 U.S. 938, 84 S.Ct. 793, 11 L.Ed.2d 659, (Hospital receiving Federal funds under Hill-Burton Act); Smith v. Holiday Inns of America, Inc., 336 F.2d 630 (6th Cir. 1964, (motel erected on land purchased in city redevelopment project from city housing authority, which developed program with city, state and federal funds, and imposed continuing controls); Todd v. Joint Apprenticeship Committee, 223 F.Supp. 12 (N.D.Ill. 1963), rev'd on grounds of mootness, 332 F.2d 243 (7th Cir. 1964), cert. denied, 380 U.S. 914, 85 S.Ct. 880, 13 L.Ed. 2d 800 (city participation in vocational training program); Girard College Trusteeship, 391 Pa. 434, 138 A.2d 844 (1958), cert. denied, 357 U.S. 570, 78 S.Ct. 1383, 2 L.Ed.2d 1546 (administration of charitable trust transferred from public to private control); Clark, Charitable Trusts, The Fourteenth Amendment, And the Will of Stephen Girard, 66 Yale L.J. 979 (1957).
Nor is it alleged that hospital employees participated jointly or in concert with police officers in a common scheme to deprive plaintiff of his constitutionally protected rights. The mere fact that hospital employees requested Chicago police officers to remove plaintiff from the premises, without more, is insufficient either to constitute "state action" on the part of the Hospital in violation of the Fourteenth Amendment, or to attribute to the Hospital any alleged subsequent wrongdoing on the part of public officials. Compare, Griffin v. State of Maryland, 378 U.S. 130, 84 S.Ct. 1770, 12 L.Ed.2d 754 (1964); Bell v. State of Maryland, 378 U.S. 226, 286, 84 S.Ct. 1814, 12 L.Ed.2d 822 (opinion of Mr. Justice Goldberg), 318 (opinion of Mr. Justice Black) (1964). See generally, Lewis, The Sit-In Cases: Great Expectations, 1963 Sup.Ct.Rev. 101; Berle, Constitutional Limitations on Corporate Activity-Protection of Personal Rights From Invasion Economic Power, 100 U.Pa.L.Rev. 933 (1952).
Of controlling importance is the absence of any allegation that the refusal of the Hospital to render immediate medical care was based upon racial discrimination or some other type of unreasonable, arbitrary, or "invidious, purposeful discrimination." Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). Plaintiff has not alleged any facts showing that he was treated differently from others under similar circumstances and conditions; and the Court fails to find any circumstances pleaded in the complaint, or reasonable inferences to be drawn from plaintiff's allegations, which amount to discrimination, much less discrimination of the nature prohibited by the Fourteenth Amendment. Cf. Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964), cert. denied, 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567. Under these circumstances, it is obvious that plaintiff's claim against Provident Hospital based upon the Fourteenth Amendment is totally without merit and fails to state a claim upon which relief can be granted.

CAUSE OF ACTION BASED UPON THE FEDERAL CIVIL RIGHTS ACT
The jurisdictional section of the Federal Civil Rights Act, 28 U.S.C. § 1343, provides in pertinent part:
"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
* * * * * *
"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal *638 rights of citizens or of all persons within the jurisdiction of the United States;
"(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."
In Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the United States Supreme Court affirmed the right of an individual and his family to seek redress in damages under the Federal Civil Rights Act against several police officers who abused their authority by breaking into plaintiffs' home in the early morning, without good cause, in violation of plaintiffs' constitutionally protected rights of privacy. See also, Monroe v. Pape, 221 F.Supp. 635 (N.D. Ill.1963). The Court held that misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action taken "under color of" state law within the meaning of the Act.
Nowhere has plaintiff in the instant case alleged that Hospital employees themselves acted "under color of" state law, Shemaites v. Froemke, 189 F.2d 963 (7th Cir. 1951), or that they acted pursuant to some custom or usage in this community[3], see, Peterson v. City of Greenville, 373 U.S. 244, 83 S.Ct. 1119, 10 L.Ed.2d 323 (1963); Lombard v. State of Louisiana, 373 U.S. 267, 83 S.Ct. 1122, 10 L.Ed.2d 338 (1963), in order to deprive plaintiff of his Federal constitutional rights. Nor has plaintiff alleged that Hospital employees acted in a conspiracy with the police officers to deprive plaintiff of the equal protection of the laws or equal privileges and immunities under the laws. Egan v. City of Aurora, 291 F.2d 706 (7th Cir. 1961); Jennings v. Nester, 217 F.2d 153 (7th Cir. 1955).[4]
A liberal reading of the complaint here indicates that what plaintiff really complains of is the commission of an *639 ordinary tort. At most, Count I alleges a common law tort based upon state law. Plaintiff has attempted to clothe this garden variety tort claim in the garb of "civil rights" in order to invoke Federal jurisdiction not otherwise available in the absence of diversity of citizenship.
The Federal Civil Rights Act was never intended to supersede state law regarding recovery for breach of an individual's duty to render necessary medical care and treatment. Rather, it is designed to correct official abuse of power resulting in a deprivation of federally protected rights. Monroe v. Pape, supra. It is at once apparent that plaintiff's claim against Provident Hospital predicated upon the Federal Civil Rights Act is without merit.
Even if the Court were to assume jurisdiction under 28 U.S.C. § 1343 in order to determine whether the complaint states a valid cause of action under the substantive provisions of the Federal Civil Rights Act, Campbell v. Glenwood Hills Hospital, Inc., 224 F. Supp. 27 (D.Minn.1963); C.O.R.E. v. Clemmons, 323 F.2d 54 (5th Cir. 1963), it is clear that Count I fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983, § 1985 or § 1986. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Miles v. Armstrong, 207 F.2d 284 (7th Cir. 1953); Egan v. City of Aurora, supra; Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959).
Plaintiff has not sought to invoke any other provisions of Federal law; but it is clear that this action could not have been brought either under the Hill-Burton Act, 42 U.S.C. § 291 et seq., Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964), cert. denied, 379 U.S. 977, 85 S.Ct. 676, or under the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq.[5]
Although plaintiff may possibly have a cause of action based upon state law  and this Court intimates no view on that matter  he has not properly pleaded such a claim under Rule 8 F.R. Civ.P. Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963). But assuming, arguendo, that plaintiff's allegations may be sufficient to state a claim under state common law, there appears to be no good reason why this Court should assume "pendent jurisdiction" to hear such a claim[6] where, as here, the Court has determined, before defendant has filed an answer, that the Federal claims presented are totally without merit, and that they must be dismissed. Cf. Bell v. Hood, 71 F.Supp. 813 (S.D.Cal.1947); O'Neill v. Maytag, 339 F.2d 764, 766-767 (2d Cir. 1964). To hold otherwise, i. e., that plenary trial of an ancillary claim could be compelled by a primary claim which could be disposed of on the pleadings, would, in effect, permit "the dog [to] be wagged by his tail." Hart & Wechsler, The Federal Courts and the Federal System, 808 (1953); Note, 62 Columbia L.Rev. 1018 (1962). See also, Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964), cert. denied, 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558.
Accordingly, it is ordered that Count I of the instant complaint be, and the same hereby is, dismissed for failure to *640 state a claim upon which relief can be granted. Said dismissal is without prejudice to the assertion of any cause of action plaintiff may have under state law against Provident Hospital in an appropriate forum.
And it is so ordered.
NOTES
[1] The Fourth and Sixth Amendments do not, in terms, apply to the States. Barron for Use of Tiernan v. Mayor and City Council of City of Baltimore, 32 U. S. (7 Pet.) 243, 8 L.Ed. 672 (1833). To the extent that their provisions may apply to actions of state officials by way of the due process clause of the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), plaintiff's claims thereunder will be considered as brought under the Fourteenth Amendment.
[2] Under Illinois law, a charitable institution can be held liable in damages for torts only to the extent of insurance coverage. See Moore v. Moyle, 405 Ill. 555, 92 N.E.2d 81 (1950). Plaintiff has alleged the existence of such coverage, but not the amount thereof. If defendant were able to show that its insurance does not cover loss in excess of $10,000, jurisdiction could not be based on § 1331. Cf. Oikarinen v. Alexian Bros., 342 F.2d 155 (3rd Cir. 1965). This factor would not affect jurisdiction under § 1343, where no jurisdictional amount is required. Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 454, 83 L.Ed. 1423 (1939).
[3] The complaint does not appear to allege false arrest on the part of Hospital employees. If it did so allege, an interesting question of first impression would be presented as to whether a private person can be said to have acted "under color of" state law in view of the provision under Illinois law permitting a citizen's arrest. See, ch. 38, § 107-3, Ill.Rev.Stat.; But cf., Bryant v. Donnell, 239 F.Supp. 681, 686-687 (W.D.Tenn.1965).
[4] The substantive provisions of the sections of the Federal Civil Rights Act cited by plaintiff are as follows:

§ 1983. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
§ 1985. "(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, and person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."
§ 1986. "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglect or refuse so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; * * *"
[5] The language of the Public Accommodations Section, 42 U.S.C. § 2000a seems not to include hospitals. § 2000d provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Assuming that violation of this provision could give rise to a civil action for damages, it has been noted previously that plaintiff has alleged neither any type of discrimination nor participation of the Hospital with official agencies in a financial sense, or to some "significant extent".
[6] Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); Bell v. Hood, 327 U.S. 678, 685-686, 66 S.Ct. 773, 90 L.Ed. 939 (opinion of Mr. Justice Stone) (1946).