The JOE LOUIS MILK COMPANY,
Plaintiff,

v.

Richard G. HERSHEY, Director of Insurance, State of Illinois, Defendant.

No. 64 C 1478.

United States District Court
N. D. Illinois, E. D.

July 27, 1965.

Chauncey Eskridge, McCoy, Ming &
Leighton, George C. Pontikes, Chicago,
Ill., for plaintiff.

William G. Clark, Atty. Gen., State of Ill., Robert J. Sharfman, Asst. Atty. Gen., State of Ill., Chicago, Ill., for defendant.

PARSONS, District Judge.

The Joe Louis Milk Company, an Illinois dairy corporation operating in Chicago, brings this class action under the Federal Civil Rights Act, 28 U.S.C. § 1343, 42 U.S.C. §§ 1983, 1985, on behalf of itself and all others similarly situated, against the Director of Insurance of the State of Illinois "to vindicate rights protected by the Fourteenth Amendment to the Constitution of the United States."

The complaint alleges that defendant is managing the property, business and affairs of the defunct Blackhawk Mutual Insurance Company for the purpose of its liquidation, pursuant to the Illinois Insurance Code and orders of the Circuit Court of Cook County, Illinois, in Case No. 57 C 2791 (which court file allegedly is missing). Beginning on or about January 1, 1964, Hershey brought approximately 15,000 lawsuits in local Illinois courts against plaintiff and other members of the class for money allegedly owed by them to Blackhawk in order to overcome a deficiency of about $696,-000.00 in its assets. As a consequence, plaintiff and others were required to expend money to defend against such lawsuits. Other persons were defaulted because they could not afford counsel, and they are being sought in garnishment; other persons have settled or paid the amounts demanded by Hershey in order to mitigate their expenses and damage.

Plaintiff alleges that defendant brought said suits upon the following theory: (a) Blackhawk issued policies of insurance providing for contingent liability against a member of the company in an amount not less than one, nor more than ten, times the premium specified in the policies; (b) because plaintiff's name, and about 35,000 other names allegedly appear in some file or record maintained by Blackhawk as an "insured person or persons" during the twelve month period beginning February 28, 1956, and ending February 27, 1957, they were, thereby, policyholders and, ipso facto, "members" in said company; (c) that defendant had authority to levy an assessment (equal to the premium shown in the file or record) against the "members" at any time during the pendency of the liquidation of proceedings, and to bring suit to collect said assessments.

The complaint further alleges that Hershey demands in each of said lawsuits the maximum premium alleged to have been specified in each policy of insurance, regardless of whether plaintiff and others had notice of the pendency of the Circuit Court suit, or of the orders entered therein; and regardless of whether the "member" ever applied volitionally for the policy, or consented to its issuance, if he ever did; and regardless of whether the "member" received any protection under the contract of insurance, even if he had applied and paid the premium in full; and regardless of the fact that it was always Hershey's obligation, and that of his predecessor, to prevent insolvent insurance companies from issuing assessable or contingent liability insurance policies to an unsuspecting public.

Finally, plaintiff contends that Hershey had no authority to levy such assessments against plaintiff and others because they did not receive notice of a claim, therefor, within one year after the termination of the policies of insurance allegedly issued to them, as provided by the Illinois Insurance Code, S.H.A. Ch. 73, § 672; and further, that they were constitutionally entitled to notice of the Circuit Court suit, and of the orders entered therein.

Plaintiff seeks a declaratory judgment that defendant has no authority to levy said assessments or to collect them, and an injunction restraining defendant and his agents from attempting to collect said levy of assessments. Plaintiff also requests damages for attorneys' fees, costs, and expenses incurred in defending those actions allegedly wrongfully brought by defendant acting "under color and pretense of the Insurance Code of Illinois."

Defendant has moved to dismiss the complaint for lack of jurisdiction and for

failure to state a claim upon which relief can be granted. In the alternative, defendant requests the court in its discretion, to postpone the exercise of its jurisdiction and to abstain from deciding this controversy pending the resolution of the pertinent issues by the state courts. The matter is before the court for ruling on defendant's motions.

## JURISDICTION

Since jurisdiction is based upon 28 U. S.C. § 1343, the question arises whether this is a suit to redress the deprivation, under color of Illinois law, of any right, privilege or immunity secured to plaintiff and other members of the class by either the Constitution or the Federal Civil Rights Acts. Some old cases have suggested that § 1343 does not apply to cases involving mere property rights, as opposed to "civil rights" or human rights. Carter v. Greenhow, 114 U.S. 317, 5 S.Ct. 928, 29 L.Ed. 202 (1884); Pleasants v. Greenhow, 114 U.S. 323, 5 S.Ct. 931, 29 L.Ed. 204 (1884); Holt v. Indiana Mfg. Co., 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374 (1900); Hague v. C. I. O., 307 U.S. 496, 518, 531–532, 59 S.Ct. 954, 83 L.Ed. 1423 (concurring opinion of Mr. Justice Stone). However, modern day courts have taken a more latitudinarian view. E. g., McGuire v. Sadler, 337 F.2d 902 (5th Cir. 1964); Hornsby v. Allen, 326 F.2d 605 (5th Cir. 1964); Cobb v. City of Malden et al., 202 F.2d 701, 705 (1st Cir. 1953).

■ Although corporations are not entitled to "privileges and immunities" of citizens, Orient Insurance Co. v. Daggs, 172 U.S. 557, 561, 19 S.Ct. 281, 43 L.Ed. 552 (1899); Hague v. C. I. O., 307 U.S. 496, 500, 514, 59 S.Ct. 954 (1939) (concurring opinion of Mr. Justice Roberts), they have long been held to be "persons" within the meaning of the Equal Protection Clause, Santa Clara County v. Southern Pacific RR, 118 U.S. 394, 6 S.Ct. 1132, 30 L.Ed. 118 (1886), and the Due Process Clause, Minneapolis & St. Louis RR v. Beckwith, 126 U.S. 26, 9 S.Ct. 207, 32 L.Ed. 585 (1889), of the Fourteenth Amendment. See, Graham,

The "Conspiracy Theory" of The Fourteenth Amendment, 47 Yale L.J. 371–75 (1938).

■ No difference in constitutional protection between property rights and human rights is expressed in the language of § 1343 itself, nor can any meaningful distinction be made or justified between rights "secured" by the Constitution, and rights "arising under" or "protected" by the Constitution. Neither logic nor policy compels the conclusion that property rights are less deserving of protection under the Constitution and Civil Rights Act than are human freedoms. It appears, under current statutory interpretation, that the right of an individual or a corporation not to be deprived of property without due process of law is a "right * * * secured by the Constitution" within the meaning of § 1343. Accord, Progress Development Corp. v. Mitchell, 286 F.2d 222 (7th Cir. 1961); Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961); Northwestern Fertilizing Co. v. Hyde Park, 18 Fed.Cas. 393 (No. 10,336) (C.C.N.D.Ill. 1873).

■ Defendant contends that the constitutional question presented is insubstantial. A claim of unconstitutionality of official action should not be dismissed for lack of jurisdiction unless it appears, *to a legal certainty*, that the claim is wholly insubstantial and frivolous so far as the Constitution is concerned. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912 (1951); Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963). This rule has been applied in actions under the Federal Civil Rights Act, where the jurisdictional (28 U.S.C. § 1343) and substantive (42 U.S.C. § 1983) provisions are similarly worded. Congress of Racial Equality v. Clemmons, 323 F.2d 54, 59 (5th Cir. 1963); Campbell v. Glenwood Hills Hospital, 224 F. Supp. 27, 29 (D.Minn.1963). Experience teaches that the wiser and better practice is for the court to assume jurisdiction

for the purpose of determining whether the complaint states a claim upon which relief can be granted. Rogers v. Provident Hospital, 241 F.Supp. 633, (N.D.Ill. 1965); Harrison v. Murphy, 205 F.Supp. 449 (D.Del.1962); Byrd v. Sexton, 277 F.2d 418 (8th Cir. 1960). Since the merits of the constitutional question presented will be discussed below, it is sufficient to state at this point that it does not appear to a legal certainty that the question is wholly insubstantial and frivolous as to justify dismissal for lack of jurisdiction.

## CAUSE OF ACTION

Plaintiff bases his cause of action upon 42 U.S.C. § 1983 and § 1985. The latter section is inapplicable, since it applies only to conspiracies to deprive a person of the equal protection of the laws or the equal privileges and immunities under the laws. Egan v. City of Aurora, 291 F.2d 706, 708 (7th Cir. 1961); Jennings v. Nester, 217 F.2d 153, 154 (7th Cir. 1955). The complaint does not allege any conspiracy, and the right allegedly violated here is the right not to be deprived of property without due process of law, rather than the right to equal protection or equal privileges and immunities.

Section 1983 provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In determining whether the complaint states a claim upon which relief can be granted under § 1983, the court must assume the truth of plaintiff's factual allegations and reasonable inferences to be drawn therefrom. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.

Ed.2d 1030 (1964). The substance of plaintiff's constitutional claim is that defendant, acting under color of law, has levied assessments *without notice* against plaintiff and others, thereby depriving them of property without procedural due process of law. The question is presented whether the Illinois Insurance Code has been unconstitutionally applied to plaintiff and others when an assessment was levied six years after the termination of a contingent liability insurance policy, without prior opportunity for policyholders to be heard. A subsidiary issue is raised as to whether this unfortunate situation was caused by the failure of the Illinois Director of Insurance to take proper regulatory measures to prevent insolvent insurance companies from issuing assessable or contingent liability policies to an unsuspecting public, particularly to members of minority groups, who may have been unable, because of discriminatory practices, to obtain insurance coverage from more reliable companies.

A fundamental requirement of due process is "the opportunity to be heard," Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363 (1914), and failure to give notice to an individual or corporation of pending in personam proceedings which adjudicate his personal or property rights violates the most rudimentary demands of due process of law. In the recent decision of Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), the United States Supreme Court, reviewing prior decisions on the point, stated:

"'Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and an opportunity for hearing appropriate to the nature of the case.' Mullane v. Central Hanover Bank Tr. Co., 339 U.S. 306, at 313, 70 S.Ct. 652, at 656, 94 L.Ed. 865. 'An elementary and fundamental requirement of due proc-

356

ess in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; Priest v. Board of Trustees of Town of Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 52.' Id., at 314, 70 S.Ct. at 657. Questions frequently arise as to the adequacy of a particular form of notice in a particular case. See, e. g., Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255; New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333; Walker v. Hutchinson City, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178; Mullane v. Central Hanover Bank Tr. Co., supra. But as to the basic requirement of notice itself there can be no doubt * * *." 380 U.S. at 550, 85 S.Ct. at 1190.

It is readily apparent that plaintiff's allegations raise serious and substantial constitutional questions regarding the authority and conduct of the Illinois Director of Insurance. The complaint sufficiently satisfies the liberal pleading requirements of Rule 8(a) (2) F.R.Civ.P. to withstand defendant's motion to dismiss for failure to state a cause of action. See, Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944).

## ABSTENTION

In applying the doctrine of abstention, a federal district court is vested with discretion to decline to exercise or to postpone the exercise of its jurisdiction in deference to state court resolution of underlying issues of state law. Railroad Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. E. g., Railroad Comm'n v. Pullman Co., supra. The doctrine, however, contemplates that deference to state court adjudication only be made where the issue of state law is uncertain. Davis v. Mann, 377 U.S. 678, 690, 84 S.Ct. 1441, 12 L. Ed.2d 609 (1964); McNeese v. Board of Education, 373 U.S. 668, 673–674, 83 S. Ct. 1433, 10 L.Ed.2d 622 (1963); City of Chicago v. Atchison, T. & S.F.R. Co., 357 U.S. 77, 84, 78 S.Ct. 1063, 2 L.Ed. 2d 1174 (1958). If the state statute in question, regardless of whether it has ever been interpreted by a state tribunal, is not fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question, it is the duty of the federal court to exercise its properly invoked jurisdiction. Baggett v. Bullitt, 377 U.S. 360, 375–379, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964). Thus, "recognition of the role of state courts as the final expositors of state law implies no disregard for the primacy of the federal judiciary in deciding questions of federal law." England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 415–416, 84 S.Ct. 461, 465, 11 L.Ed.2d 440 (1963).

The provisions of the Illinois Insurance Code which might be considered relevant here lack sufficient ambiguity to justify abstention on the ground of uncertain state law. While defendant suggests that the Illinois courts are better equipped than the federal district court to unravel the skeins of local law in which plaintiff's and others' claims are entangled, he has failed to show that the statutes leave "reasonable room for a construction by the Virginia courts which might avoid in whole

or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem." Harrison v. NAACP, 360 U.S. 167, 177, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1959).

On occasions, federal courts have declined to exercise their jurisdiction in other situations in which they have been requested to interfere with the actions of state administrative agencies. In Burford v. Sun Oil Co., 319 U.S. 315, 63 S. Ct. 1098, 87 L.Ed. 1424 (1943), the Supreme Court held that the district court should have declined to take jurisdiction in a suit to enjoin an exception granted by the state regulatory commission to its oil-well-spacing rules. The court reasoned that, because of the serious and widespread effects of federal court intervention into a comprehensive regulatory scheme involving local policy making and extensive expertise, initial judicial review ought to be confined to the one court which the state, in order to insure uniformity and expertise, had by statute provided for that purpose. And, in Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951), where injunctive relief was sought in federal district court from an order denying permission to discontinue certain intrastate passenger services, the Supreme Court held that the district court should not have attempted to resolve the particularly local problem of balancing the loss to the railroad from the continuation of the services in question against the public need for those services for the reason that the appeal to the Alabama Supreme Court provided by statute was an integral part of the regulatory process under the Alabama Code.

The considerations underlying Burford-Alabama Public Service Commission are inapplicable to the case at bar. Defendant has not shown that federal court relief to plaintiff and other members of the class would either disturb large segments of a local regulatory scheme or supplant specialized review within the state administrative or judicial system.

█ Finally, defendant attempts to justify abstention by drawing a distinction between property rights and human rights. It is true that the Supreme Court in McNeese v. Board of Education, supra, 373 U.S. at 673, n. 5, 83 S.Ct. at 1436, did cite Stapleton v. Mitchell, 60 F.Supp. 51, 55 (D.Kan.1945) for the statement: "We yet like to believe that wherever the Federal Courts sit, human rights under the Federal Constitution are always a proper subject for adjudication, and that we have not the right to decline the exercise of that jurisdiction simply because the rights asserted may be adjudicated in some other forum." However, it appears from the context in which it was used, that the phrase "human rights" was intended primarily for emphasis rather than for any implication that property rights are less deserving of federal court adjudication. Federal courts have often rejected pleas for abstention even though mere property rights were involved. Hostetter v. Idlewild Bon Voyage Liquor Corp., 377 U.S. 324, 84 S.Ct. 1293, 12 L. Ed.2d 350 (1964); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959); Liberty Mutual Insurance Co. v. Pennsylvania R. Co., 322 F.2d 963 (7th Cir. 1963); Guy v. Rolvaag, 233 F.Supp. 301 (D.Minn.1964). Moreover, it should be noted that to individuals of limited financial means, deprivation of property can have as serious an effect as an infringement upon personal liberty.

Accordingly, defendant's motion to dismiss the complaint, or, in the alternative, for an order staying proceedings herein is denied. Defendant is hereby directed to file an answer to the complaint within thirty days from the date of this order. Plaintiff is given leave to amend his complaint in five days in order to add or substitute, as party defendant, the present Director of Insurance of the State of Illinois.