831 F.2d 293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel D. BURCH, Plaintiff-Appellant,
v.
John W. BLOUIR, et al. Defendant-Appellee.
 No. 86-3239
 United States Court of Appeals, Sixth Circuit.
 October 5, 1987.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's grant of defendants' motion for summary judgment dismissing plaintiff's civil rights claims. Plaintiff, an incarcerated pro se litigant, filed claims under 42 U.S.C. Secs. 1983 and 1985 against forty-four defendants seeking a total of $63,000,000 in damages. Essentially, plaintiff alleges three basic claims: 1) an unauthorized search which was conducted at night, contrary to the terms of a search warrant; 2) an attempt to prevent plaintiff and other blacks from leasing commercial space at a shopping mall; and 3) a conspiracy to cover up the allegedly illegal nighttime search. Plaintiff's claims stem from actions taken by local and federal law enforcement agents during the course of an investigation which resulted in the prosecution and conviction of plaintiff on drug charges. Plaintiff was suspected of selling controlled substances out of a retail store which he managed. On the morning of January 19, 1978, police, acting pursuant to a state-authorized warrant, conducted a search of plaintiff's apartment. A variety of evidence was seized during the search and the plaintiff was taken into custody. During the course of plaintiff's criminal prosecution, the state trial court denied a pretrial motion by plaintiff's defense counsel to suppress the evidence seized from plaintiff's apartment. The Ohio Court of Appeals upheld the admissibility of the evidence and affirmed plaintiff's conviction.
 
 
 2
 The federal district court granted defendants' motion for summary judgment finding that plaintiff's attempt to contest the validity of the search was barred by res judicata. Although plaintiff had challenged the warrant in the previous state court proceedings, his attorney apparently did not argue that the search was improperly conducted at night. Nevertheless, the district court reasoned that plaintiff had the opportunity to raise this issue in state court, and therefore he was barred from relitigating the validity of the search in subsequent civil proceedings. With respect to plaintiff's claims of harassment, the court found no evidence to support plaintiff's allegations of a racially motivated conspiracy to drive plaintiff out of business. Finally, the court dismissed plaintiff's claims relating to a conspiracy to cover up the allegedly illegal search because Sec. 1985 does not provide a remedy for violations of the fourth amendment.
 
 
 3
 We affirm the dismissal of plaintiff's complaint; however, we rely in part on reasons other than those stated by the district court. As a result of the adoption of an alternative analysis, we conclude that plaintiff's Sec. 1983 claims relating to the constitutionality of the search should be dismissed without prejudice.
 
 
 4
 In Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985) (per curiam), this court upheld the dismissal of a pro se prisoner's Sec. 1983 claim for damages finding that habeas corpus and not Sec. 1983 was the appropriate vehicle for a claim which challenges the constitutionality of a state court conviction.[1] In so holding, we stated:
 
 
 5
 Hadley's claim that Saginaw, Michigan's appointed-counsel fee schedule violated his consitutional rights is predicated upon his claim that he was denied effective assistance of counsel and involuntarily pleaded guilty. Thus, a necessary portion of his claim challenges the validity of Hadley's conviction and consequent confinement. Although Hadley's complaint seeks damages rather than release, it is appropriate to vacate the district court judgment that he did not state a cause of action, dismiss Hadley's action and direct him to pursue relief thorugh a 28 U.S.C. Sec. 2254 petition for habeas corpus.
 
 
 6
 Id. at 516. After discussing the relevant United State Supreme Court authority, we concluded that these cases, 'require a federal court to stay its hand where disposition of the damage action would involve a ruling implying that a state conviction is or would be illegal.' Id. (quoting Guerro v. Mulhearn, 498 F.2d 1249, 1252 (1st Cir. 1974)). Thus, we upheld the dismissal of the plaintiff's claims but modified the district court order to provide that such claims be dismissed without prejudice.
 
 
 7
 We find that plaintiff's claims which are based on an alleged violation of the fourth amendment fall squarely within our previous holding in Hadley. In order for plaintiff to prevail on his Sec. 1983 claim, it would necessitate a finding by the district court that the search of plaintiff's apartment was unconstitutional. Such a finding would clearly imply that plaintiff's previous state court conviction was invalid since it was based on evidence seized during this search. Thus, plaintiff is in effect challenging the validity of his state court conviction, and under the rule set forth in Hadley, he is required to pursue this claim through a petition for a writ of habeas corpus before he can file a Sec. 1983 claim for damages.[2]
 
 
 8
 Regarding plaintiff's Sec. 1983 claims alleging racially motivated harassment, we find that the district court did not abuse its discretion in granting defendants' motion for summary judgment on that issue. Plaintiff's allegations are vague, conclusory and unsubstantiated. Accordingly, they cannot withstand a motion for summary judgment--even when the facts are interpreted in the light most favorable to plaintiff's position. See Place v. Shepperd, 446 F.2d 1239, 1244 (6th Cir. 1971). Plaintiff's primary contention seems to focus on the closing of his store; however, there is nothing in the record to indicate that this action was motivated by racial discrimination. We have previously held that routine police actions taken during the course of an investigation and prosecution will not ordinarily give rise to a Sec. 1983 claim, even if the investigation results in the closing of the defendant's business. See Coffey v. Multi-County Narcotics Bureau, 600 F.2d 570, 579 (6th Cir. 1979).
 
 
 9
 Finally, to the extent that plaintiff's allegations of conspiracy relate to the search of his apartment, we agree with the district court's conclusion that such a claim is based on the fourth amendment and the right to due process, and is, therefore, not cognizable under Sec. 1985(3). See Egan v. City of Aurora, 291 F.2d 706 (7th Cir.), aff'd. in part, vacated and remanded in part, 365 U.S. 514 (1961). Moreover, plaintiff has failed to allege any specific acts in furtherance of the supposed conspiracy to cover up the 'illegal' search; and thereby lacks an essential element of a claim under Sec. 1985(3). Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971). Insofar as plaintiff's claims under Sec. 1985 are based on the alleged acts of harassment, these claims are unsupportable and were properly dismissed. See supra.
 
 
 10
 Accordingly, we affirm the district court's grant of summary judgment in favor of defendants on plaintiff's claims under Sec. 1985. We also affirm the dismissal with prejudice of plaintiff's Sec. 1983 claims which are based on unsupportable allegations of harassment. The district court's dismissal of plaintiff's remaining Sec. 1983 claims relating to the search of his apartment is affirmed; however, such dismissal shall be without prejudice to plaintiff's opportunity to refile his Sec. 1983 claim if and when he establishes, through a petition for writ of habeas corpus, that the search amounted to a violation of his federal constitutional rights.
 
 
 11
 The district court's judgment is AFFIRMED in part and MODIFIED in part.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Court, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Our decision in Hadley was predicated primarily on the Supreme Court's decision in Preiser v. Rodriquez, 411 U.S. 475 (1973)
 
 
 [2]
 The record does not indicate whether plaintiff has attempted to file a petition for a writ of habeas corpus